U.S. Department of Labor    Employee Benefits Security Administration
Washington, D.C. 20210



**FIELD ASSISTANCE BULLETIN NO. 2004-03**

DATE: DECEMBER 17, 2004

MEMORANDUM FOR:    VIRGINIA C. SMITH, DIRECTOR OF ENFORCEMENT
                                            REGIONAL DIRECTORS

FROM:    ROBERT J. DOYLE
            DIRECTOR OF REGULATIONS
             & INTERPRETATIONS

SUBJECT:    FIDUCIARY RESPONSIBILITIES OF DIRECTED TRUSTEES


ISSUE:  In the context of publicly traded securities, what are the fiduciary responsibilities of a directed trustee?

BACKGROUND

Many employee pension plans use directed trustees to carry out transactions according to instructions from a named fiduciary of the plan.  During investigations of such transactions by the Department, difficult questions may arise regarding the scope of the directed trustee's fiduciary duties.  Recent court decisions, addressing this issue in the context of purchases and holdings of publicly traded employer securities in particular, have focused attention on the nature and scope of a directed trustee's fiduciary duties.  This bulletin provides general guidance to EBSA regional offices regarding the Department's views on the responsibilities of directed trustees under ERISA, particularly with respect to directions involving employer securities.

FIDUCIARY STATUS OF DIRECTED TRUSTEE

Section 403(a) provides that a plan trustee "shall have exclusive authority and discretion to manage and control the assets of the plan."  Section 3(21)(A) provides that a person is a fiduciary with respect to a plan "to the extent . . . he . . . exercises any authority or control respecting management or disposition of its assets."  A plan trustee, therefore, will, by definition, always be a "fiduciary" under ERISA as result of its authority or control over plan assets.  Not all

trustees, however, have the same authority or discretion to manage or control the assets of a plan. In this regard, section 403(a) specifically recognizes that a trustee or trustees will have limited authority or discretion when:

> (1) the plan expressly provides that the trustee or trustees are subject to the direction of a named fiduciary who is not a trustee, in which case the trustees shall be subject to proper directions of such fiduciary which are made in accordance with the terms of the plan and which are not contrary to this Act.

While section 403(a)(1) does not remove a directed trustee from section 3(21)'s purview, it significantly limits such a trustee's responsibilities as a plan fiduciary. As the district court in In re Enron Corp. Securities, Derivative & ERISA Litig., 284 F. Supp. 2d 511, 601 (S.D. Tex. 2003), recognized:

> At least some fiduciary status and duties of a directed trustee are preserved, even though the scope of its exclusive authority and discretion to manage and control the assets of the plan' has been substantially constricted by the directing named fiduciary's correspondingly broadened role . . . .

The court in In re WorldCom, Inc. ERISA Litig., 263 F. Supp. 2d 745, 762 (S.D.N.Y. 2003) also noted that, while the directed trustee provision serves as a limiting principle, "section 403(a) does not . . . eliminate the fiduciary status or duties that normally adhere to a trustee with responsibility over ERISA assets." See also FirsTier Bank, N.A. v. Zeller, 16 F.3d 907, 9110 (8th Cir.), cert. denied sub nom, Vercoe v. FirsTier Bank, N.A., 513 U.S. 871 (1994); Herman v. NationsBank Trust Co., 126 F.3d 1354, 1361-62, 1370 (11th Cir. 1997).

The duties of a directed trustee under section 403(a)(1) are therefore significantly narrower than the duties generally ascribed to a discretionary trustee under common law trust principles.[1]

<u>DETERMINING WHETHER A DIRECTION IS "PROPER"</u>

Under section 403(a)(1), a directed trustee is subject to proper directions of a named fiduciary. For purposes of section 403(a)(1), a direction is proper only if the direction is "made in accordance with the terms of the plan" and "not contrary to the Act [ERISA]." Accordingly, when a directed trustee knows or

---

[1] It is assumed for purposes of this guidance that discretionary authority or control over plan assets, beyond that discussed herein as applicable to a person serving as a directed trustee under section 403(a)(1), has not been conferred upon a directed trustee under the terms of the plan, including trust and service provider agreements.

should know that a direction from a named fiduciary is not made in accordance with the terms of the plan or is contrary to ERISA, the directed trustee may not, consistent with its fiduciary responsibilities, follow the direction.

*In accordance with plan terms*

Under section 403(a)(1), a directed trustee may not follow a direction that the trustee knows or should know is inconsistent with the terms of the plan. In order to make such determinations, directed trustees necessarily have a duty to request and review all the documents and instruments governing the plan that are relevant to its duties as directed trustee. Accordingly, if a directed trustee either fails to request such documents or fails to review the documents furnished in response to its request and, as a result of such failure, follows a direction contrary to the terms of the plan, the directed trustee may be liable for following such direction because the directed trustee had a duty to request and review pertinent plan documents and, therefore, should have known that the direction was not in accordance with the terms of the plan. If a directed trustee follows an improper direction, as would be the case where the purchase of a particular stock at the direction of the plan's named fiduciary is contrary to the plan's investment policy, the directed trustee may be liable for a breach of its fiduciary duty to follow only proper directions.

It is the view of the Department that a direction is consistent with the terms of a plan if the documents pursuant to which the plan is established or operated do not prohibit the direction. It is also the view of the Department that if, in the course of reviewing the propriety of a particular direction, a directed trustee determines that the terms of the relevant documents are ambiguous with respect to the permissibility of the direction, the directed trustee should obtain a clarification of the plan terms from the fiduciary responsible for interpreting such terms in order to ensure that the direction is proper. In this regard, the directed trustee may rely on the interpretation of such fiduciary.

*Not contrary to ERISA*

Even when a direction is consistent with the terms of the plan, the direction may nonetheless fail to be a proper direction because it is contrary to ERISA. Under section 403(a)(1), a directed trustee may not follow a direction that the trustee knows or should know is contrary to ERISA. For example, the directed trustee cannot follow a direction that the directed trustee knows or should know would require the trustee to engage in a transaction prohibited under section 406 or violate the prudence requirement of section 404(a)(1). The following discussion further clarifies the duties of a directed trustee in this area.

Prohibited transaction determinations

A directed trustee must follow processes that are designed to avoid prohibited transactions.  A directed trustee could satisfy its obligation by obtaining appropriate written representations from the directing fiduciary that the plan maintains and follows procedures for identifying prohibited transactions and, if prohibited, identifying the individual or class exemption applicable to the transaction.  A directed trustee may rely on the representations of the directing fiduciary unless the directed trustee knows that the representations are false.

Prudence determinations

The named fiduciary has primary responsibility for determining the prudence of a particular transaction, whether the transaction involves buying, selling or holding particular assets.  Accordingly, as the courts and the Department have long recognized, the scope of a directed trustee's responsibility is significantly limited.  A directed trustee does not, in the view of the Department, have an independent obligation to determine the prudence of every transaction.  The directed trustee does not have an obligation to duplicate or second-guess the work of the plan fiduciaries that have discretionary authority over the management of plan assets and does not have a direct obligation to determine the prudence of a transaction.   See In re WorldCom ERISA Litig., 263 F. Supp. 2d at 761; Herman v. NationsBank Trust Co., 126 F.3d at 1361-62, 1371 (directed trustee does not have a direct obligation of prudence under ERISA section 404; its obligation is simply "to make sure" the "directions were proper, in accordance with the terms of the plan, and not contrary to ERISA").

*Duty to act on non-public information*

The directed trustee's obligation to question market transactions involving publicly traded stock on prudence grounds is quite limited.  The primary circumstance in which such an obligation could arise is when the directed trustee possesses material non-public information regarding a security.  If a directed trustee has material non-public information that is necessary for a prudent decision, the directed trustee, prior to following a direction that would be affected by such information, has a duty to inquire about the named fiduciary's knowledge and consideration of the information with respect to the direction.  For example, if a directed trustee has non-public information indicating that a company's public financial statements contain material misrepresentations that significantly inflate the company's earnings, the trustee could not simply follow a direction to purchase that company's stock at an artificially inflated price.

4

Generally, the possession of non-public information by one part of an organization will not be imputed to the organization as a whole (including personnel providing directed trustee services) where the organization maintains procedures designed to prevent the illegal disclosure of such information under securities, banking or other laws.[2] If, despite such procedures, the individuals responsible for the directed trustee services have actual knowledge of material non-public information, the directed trustee, prior to following a direction that would be affected by such information, has a duty, as indicated above, to inquire about the named fiduciary's knowledge and consideration of the information with respect to the direction. Similarly, if the directed trustee performs an internal analysis in which it concludes that the company's current financial statements are materially inaccurate, the directed trustee would have an obligation to disclose this analysis to the named fiduciary before making a determination whether to follow a direction to purchase the company's security. The directed trustee would not have an obligation to disclose reports and analyses that are available to the public.

*Duty to act on public information*

Absent material non-public information, a directed trustee, given its limited fiduciary duties as determined by statute, will rarely have an obligation under ERISA to question the prudence of a direction to purchase publicly traded securities at the market price solely on the basis of publicly available information. Three considerations counsel in favor of this view: (1) markets generally are assumed to be efficient so that stock prices reflect publicly available information and known risks; (2) in the case of employer securities, the securities laws impose substantial obligations on the company, its officers, and its accountants to state their financial records accurately; and (3) ERISA section 404 requires the instructing fiduciary to adhere to a stringent standard of care.[3] Furthermore, because stock prices fluctuate as a matter of course, even a steep drop in a stock's price would not, in and of itself, indicate that a named fiduciary's direction to purchase or hold such stock is imprudent and, therefore, not a proper direction.

In limited, extraordinary circumstances, where there are clear and compelling public indicators, as evidenced by an 8-K filing with the Securities and Exchange

---

[2] The Department expresses no view as to whether, or under what circumstances, other procedures established by an organization to limit the disclosure of information will serve to avoid the imputation of information to a directed trustee.

[3] It should be noted that, in the case of an individual account plan, the diversification requirements of section 404(a)(1)(C) do not apply to the acquisition or holding of qualifying employer securities within the meaning of section 407(d)(5).

Commission (SEC), a bankruptcy filing or similar public indicator, that call into serious question a company's viability as a going concern,[4] the directed trustee may have a duty not to follow the named fiduciary's instruction without further inquiry.[5] For example, if a company filed for bankruptcy under circumstances which make it unlikely that there would be any distribution to equity-holders, or otherwise publicly stated that it was unlikely to survive the bankruptcy proceedings in a manner that would leave current equity-holders with any value, the directed trustee would have an obligation to question whether the named fiduciary has considered the prudence of the direction.[6] It also is the view of the Department that, in situations where a fiduciary who is a corporate employee gives an instruction to buy or hold stock of his or her company subsequent to the company, its officers or directors, being formally charged by state or Federal regulators with financial irregularities, the directed trustee, taking such facts into account, may need to decline to follow the direction or may need to conduct an independent assessment of the transaction in order to assure itself that the instruction is consistent with ERISA.[7] If, however, an independent fiduciary was appointed to manage the plan's investment in company stock, a directed trustee could follow the proper directions of the independent fiduciary without having to conduct its own independent assessment of the transaction.

<u>EFFECT OF QUESTIONING DIRECTIONS ON FIDUCIARY STATUS</u>

It is the view of the Department that the nature and scope of a directed trustee's fiduciary responsibility, as discussed herein, does not change merely because the

---

[4] We note that section 409 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. 78(m)(l), requires public companies to disclose "on a rapid and current basis" material information regarding changes in the company's financial condition or operations as the SEC by rule determines to be necessary or useful for the protection of investors or in the public interest. The SEC has recently updated its disclosure requirements related to Form 8-K, expanding the number of reportable events and shortening the filing deadline for most items to four business days after the occurrence of the event triggering the disclosure requirements of the form. 69 FR. 15594 (Mar. 25, 2004). Not all 8-K filings regarding a company would trigger a duty on the part of a directed trustee to question a direction to purchase or hold securities of that company. Only those relatively few 8-Ks that call into serious question a company's ongoing viability may trigger a duty on the part of the directed trustee to take some action.

[5] A directed trustee's actual knowledge of media or other public reports or analyses that merely speculate on the continued viability of a company does not, in and of itself, constitute knowledge of clear and compelling evidence concerning the company sufficient to give rise to a directed trustee's duty to act.

[6] Even under such circumstances, it might not be imprudent to purchase or hold stock in a distressed company in bankruptcy. There may be situations in which the plan's fiduciaries could reasonably conclude that the stock investment makes sense, even for a long-term investor, in light of the proposed restructuring of the company's debts or other factors.

[7] Nothing in the text should be read to suggest that a directed trustee would have a heightened duty whenever a regulatory body opens an investigation of a company whose securities are the subject of a direction, merely based on the bare fact of the investigation.

directed trustee, in carrying out its duties, raises questions concerning whether a direction is "proper" or declines to follow a direction that the directed trustee does not believe is a proper direction within the meaning of section 403(a)(1). For example, information provided to a named fiduciary concerning the prudence of a direction is not investment advice for purposes of ERISA §3(21)(A)(ii). Similarly, if a named fiduciary changes a direction in response to a directed trustee's inquiries or information, the directed trustee's fiduciary responsibility with respect to the changed direction remains governed by section 403(a)(1). The directed trustee does not become primarily responsible for the prudence of the direction.

CO-FIDUCIARY DUTIES

Under ERISA section 405(a)(1), a fiduciary is liable for the breach of another fiduciary if the fiduciary "participates knowingly" in the breach of the other fiduciary. Accordingly, if a directed trustee has knowledge of a fiduciary breach, the directed trustee may be liable as a co-fiduciary unless the directed trustee takes reasonable steps to remedy the breach. Thus, if the directed trustee knew that the named fiduciary was failing to discharge its obligations in accordance with ERISA's requirements, it could not simply follow directions from the breaching fiduciary. Efforts to remedy a breach (or to prevent an imminent breach) may include reporting the breach to other fiduciaries of the plan or the Department of Labor.

CONCLUSION

Although its responsibilities are significantly limited under the statute, a directed trustee is a fiduciary under ERISA and must exercise its duties prudently and solely in the interest of the plan participants and beneficiaries. Particularly in the context of purchasing, selling or holding publicly traded securities on a generally recognized market, the trustee may follow the named fiduciary's directions absent extraordinary circumstance as discussed above.