# EXHIBIT 1

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
ALL DEFENDANTS' MOTIONS TO DISMISS**

FILED
JUN 11 1998
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DORIS PRESLEY, et al.,

    Plaintiffs,

v.

CARTER HAWLEY HALE PROFIT SHARING PLAN, et al.,

    Defendants.

No. C 97-4316 SC

ORDER RE HALE AND BANK OF AMERICA'S MOTIONS TO DISMISS

ENTERED IN CIVIL DOCKET 6/11 , 19 98

## I. INTRODUCTION

Doris Presley and Denis Kearney ("Plaintiffs"), as representatives of a class of 14,500 people, bring suit against the Carter Hawley Hale ("CHH") Profit Sharing Plan (the "Plan"), numerous individual officers and managers at CHH (the "CHH Individuals"), and Bank of America ("Bofa"). Plaintiffs are former CHH employees who participated in the Plan to provide retirement benefits by investing in CHH stock. They claim that the Plan, the CHH Individuals, and Bofa ("Defendants") breached their fiduciary duty to Plaintiffs under the Employee Retirement Income Security Act ("ERISA") by making imprudent investments in CHH stock and by not adequately representing Plaintiffs' interests at CHH's bankruptcy proceedings.

Defendants filed two separate Rule 12(b)(6) motions to dismiss—one by Bofa and one by the Plan and the CHH Individuals—each arguing that they were not Plaintiffs' fiduciaries under the Plan and that the complaint was not filed

within ERISA's statute of limitations. Plaintiffs contend that Defendants owed them a fiduciary duty under the Plan and that Plaintiffs timely filed suit.[1]

## II. BACKGROUND

The Plan was an individual account retirement plan for CHH employees. CHH delegated authority to administer the plan to an Employee Benefits Administrative Committee, many of whose members are CHH Individual defendants in this suit. Bofa acted as trustee to the Plan from 1960 through 1993. Plan participants contributed a percentage of their pay to the Plan, and CHH matched a percentage of employee contributions.

In the late 1980s, CHH experienced significant business losses. From November 1989 to November of 1990, the company's stock price fell 69 percent. During this time, the Plan continued to invest exclusively in CHH stock. The Plan suffered investment losses of $112 million between 1989 and 1991. The Plan ceased purchasing CHH stock on January 29, 1991. On February 11, 1991, CHH filed for Chapter 11 reorganization under the United States Bankruptcy Code. Bofa appeared before the bankruptcy court as trustee to the Plan during the reorganization, but was also a creditor of CHH. Plan participants voted overwhelmingly to approve a reorganization scheme created by the bankruptcy court, Bofa, and an equity committee established to ensure fairness to

---

[1] In evaluating this motion, the Court has taken Plaintiffs' Surreply of May 18, 1998 under submission. Plaintiffs' Motion For Leave To File Surreply is hereby granted.

Plan participants. The bankruptcy court confirmed the reorganization scheme on September 14, 1992. Bofa ceased being the Plan trustee in 1993.

Plaintiffs filed suit against Defendants on November 26, 1997, alleging that Defendants breached their fiduciary duty to Plan participants under ERISA, 29 U.S.C. §§ 1103-1104, 1106, 1109. Specifically, Plaintiffs claim the following: that the Plan and the CHH Individuals allowed and encouraged Plan participants to make imprudent investments in CHH stock between 1989 and 1991 while the stock dropped precipitously; that Bofa placed its own interests as creditor to CHH above those of the Plan participants during bankruptcy and concealed its conflict of interest; that all Defendants failed to preserve Plaintiffs' claims for breach of fiduciary duty against the other Defendants.

Defendants now move for dismissal under Rule 12(b)(6). Bofa has filed its motion separate from the Plan and the CHH Individuals. Bofa argues that it was not a fiduciary under the Plan, that ERISA's statute of limitations lapsed before Plaintiffs filed the complaint, and that it did not actively conceal any breach of fiduciary duty. The Plan and the CHH Individuals likewise contend that they were not fiduciaries under the Plan and that Plaintiffs' claims are time-barred under ERISA.

### III. LEGAL STANDARD

In determining whether to grant a Rule 12(b)(6) motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs. <u>Parks School of Business, Inc. v.</u>

United States District Court / For the Northern District of California

Symington, 51 F.2d 1480, 1484 (9th Cir. 1995). "A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Id.

## IV. ANALYSIS

Defendants present several theories upon which Rule 12(b)(6) dismissal should be granted. The Court will address each successively.

### A. Defendants Were Not Fiduciaries Under ERISA

Defendants argue that they cannot be sued under ERISA because they did not owe Plaintiffs any fiduciary duty. Whether Defendants were fiduciaries under the written Plan or in practice is in dispute. The Court cannot and will not grant a motion to dismiss under the theory that Defendants owed no fiduciary duty to Plaintiffs.

The Plan and the CHH Individuals argue that a retirement plan cannot be sued for breach of fiduciary duty under ERISA and thus seek dismissal of the Plan from this action. For support, they cite the unpublished Ninth Circuit case of Acosta v. Pacific Enters., 1992 U.S. App. LEXIS 639, No. 89-56170, at 11* (9th Cir. Jan. 23, 1992)[2], which found that an ERISA plan cannot be a fiduciary with discretionary authority over itself. The Plan and

---

[2] Although the Court addresses Defendants' use of Acosta in their argument, Ninth Circuit Rule 36-3 provides that unpublished dispositions have no precedential value and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

4

the CHH Individuals neglect to mention that <u>Acosta</u> later holds that an ERISA plaintiff may nonetheless "join the [p]lan in his action for breach of fiduciary duty in order that he may obtain the relief sought." <u>Id.</u> at 13*. The Court will not dismiss the Plan based on Defendants' supposed lack of fiduciary duty.

The Court finds that Plaintiffs have adequately pled that Defendants owed them a fiduciary duty with regard to the Plan.

### B. ERISA's Statute of Repose and Statute of Limitations

Defendants contend that all of Plaintiffs' claims are time-barred by either ERISA's statute of repose or statute of limitations. Section 413 of ERISA provides that:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. Defendants argue that Plaintiffs claims are time-barred under both the six-year statute of repose and the three-year statute of limitations. They also proffer that the fraud or concealment exception to Section 1113 is inapplicable.

#### 1. Statute of Repose

Plaintiffs filed this action on November 26, 1997. In order for this suit to be time-barred under ERISA's six-year statute of

5

repose, the date of the last action by Defendants which constituted a part of the breach would have to have occurred before November 26, 1991. 29 U.S.C. § 1113.

In their First Amended Complaint, Plaintiffs allege that during bankruptcy proceedings and negotiations, the Plan and the CHH Individuals engaged in negotiations which affected the Plan and Plan participants without adequately protecting Plaintiffs' interests. First Amended Complaint ("FAC"), ¶¶ 93-95, 107. Negotiations and Chapter 11 reorganization continued into 1992, and the bankruptcy court approved CHH's reorganization scheme on September 14, 1992. Plaintiffs filed this suit within six years of the Plan and the CHH Individual's last action which allegedly constituted a breach of fiduciary duty.

Plaintiffs allege similar breaches by Bofa during bankruptcy negotiations and reorganization, and also claim that Bofa concealed its conflict of interest during the bankruptcy reorganization. FAC, ¶¶ 104, 110, 117, 132. Plaintiffs filed the action against Bofa within ERISA's six-year statute of repose.[3]

### 2. Statute of Limitations

Defendants also contend that Plaintiffs had actual knowledge of their breaches of fiduciary duty over three years before filing this suit, so that ERISA's three-year statute of limitations bars this action. Because Section 413 bars claims filed after the earlier of the running of the statute of repose or statute of

---

[3] Because the Court finds Plaintiffs' claims to be timely under ERISA's six-year statute of repose, it need not address whether Plaintiffs' fraud claims were timely filed within six years of discovery.

6

limitations, Plaintiffs' claim is time-barred if they had actual knowledge of Defendants' breaches before November 26, 1994.

For a motion to dismiss, the Ninth Circuit has looked to the plaintiff's allegations to determine when the plaintiff had actual knowledge of a breach of fiduciary duty under ERISA. Waller v. Blue Cross of California, 32 F.3d 1337, 1341 (9th Cir. 1994). In Waller, the court held that an ERISA claim was timely filed where the plaintiffs alleged that the claim was filed within three years of gaining actual knowledge of a breach. Id. Here, Plaintiffs allege that their action has been brought within three years of any actual knowledge of Defendants' breaches. FAC, ¶ 145. Plaintiffs' FAC contains no allegations which show actual knowledge before November 26, 1994.

Defendants contend that Plaintiffs must have had actual knowledge of a breach of fiduciary duty when CHH filed for bankruptcy in 1991. Even if Plaintiffs knew that CHH was financially unsound at that time, they did not necessarily know that any of the Defendants had breached their fiduciary duty with respect to the Plan. The Court will not infer such knowledge on a motion to dismiss. ERISA's three-year statute of limitations does not bar Plaintiffs' claims.

/
/
/
/
/
/

## V. CONCLUSION

Based on the foregoing analysis, the Plan and the CHH Individuals' motion to dismiss is DENIED, and Bofa's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: June 2, 1998.

United States District Judge