USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/08

## FINDINGS AND ORDER
## PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, this litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("*ERISA*"), with respect to the Solutia Inc. Savings and Investment Plan (the "*Plan*");[1]

WHEREAS, presented to the *Court* for preliminary approval is a settlement of the claims as against the *Defendants* in this *Court* as well as the *Bankruptcy Claim* asserted against *Solutia* in the *Chapter 11 Proceeding*. The terms of the *Settlement* are set out in a Global Settlement Agreement (the "*Settlement Agreement*") dated May 19, 2008, and executed by counsel for all the *Parties*; and,

WHEREAS, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the *Settlement Class* and whether to preliminarily certify the *Settlement Class*.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Withdrawal of Reference.** The *Court* hereby withdraws the reference of the *Bankruptcy Claim* pursuant to 28 U.S.C. §157(d), which claim is based upon the proofs of claim filed by (i) Jeremy Dickerson on October 19, 2004 (Claim No. 854), and thereafter amended on September 1, 2005 (Claim No. 14735), and then again on June 21, 2007 (Claim No. 14823), and (ii) Roger Reiff on November 23, 2004 (Claim No. 6701) and thereafter amended on June 21, 2007 (Claim No. 14824) as well as the objections to those claims filed by *Solutia* in the *Chapter 11 Proceeding*, solely for the purpose of effectuating the *Settlement Agreement*. The withdrawal

---

[1] Capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement.*

of the reference is conditioned in all respects on the occurrence of the *Effective Date* of the *Settlement*.

2. **Class Findings.** The *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the *Settlement Class*:

A. The *Settlement Class* is defined as:

All persons who were participants in the Solutia Inc. Savings and Investment Plan (the "*Plan*") who held Solutia stock in their *Plan* account at any time during the period from September 1, 1997 through and including August 31, 2005, and their beneficiaries, successors, assigns, executors, administrators, estates, heirs and legal representatives. Excluded from the *Settlement Class* are *Defendants* and any named fiduciary of the *Plan*, members of their immediate families, and their legal representatives, heirs, successors, or assigns unless such individual is a member of the *Settlement Class* in his or her own right.

B. The *Court* preliminarily finds that the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria and the *Settlement Class*, consisting of more than seven thousand members, is so numerous that joining all of its members before the *Court* would be impracticable. Rule 23(a)(1) is satisfied.

C. The *Court* preliminarily finds that there are one or more questions of fact and/or law common to the *Settlement Class*, including whether the *Defendants* breached their fiduciary duties with respect to investments in the *Stock Fund*; whether *Defendants* breached their fiduciary duties by failing to provide complete and accurate information to participants; and whether the *Plan* suffered losses. Rule 23(a)(2) is satisfied.

D. The Court preliminarily finds that the claims of Roger Reiff (the "Representative Plaintiff") are typical of the claims of the *Settlement Class*. Rule 23(a)(3) is satisfied.

E.  The Court preliminarily finds that the *Representative Plaintiff* will fairly and adequately protect the interests of the *Settlement Class* in that (i) the interests of the *Representative Plaintiff* and the nature of his alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between the *Representative Plaintiff* and the *Settlement Class;* and (iii) the *Representative Plaintiff* has retained qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated *ERISA* class actions. Rule 23(a)(4) is satisfied.

F.  The Court preliminarily finds that Rule 23(b)(1) is satisfied because the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *Action*; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

G.  The Court preliminarily finds that *Class Counsel* is suitable and appropriate for appointment to represent the *Settlement Class*, in that *Class Counsel* has done extensive work identifying and investigating potential claims in the action, and has vigorously and ably represented the interests of the *Settlement Class* throughout this litigation; *Class Counsel* is experienced in handling class actions, other complex litigation and claims of the type asserted in the *Action*; *Class Counsel* is knowledgeable of the applicable law; and *Class Counsel* has committed the necessary resources to represent the *Settlement Class*. Rule 23(g) is satisfied.

3.  **Class Certification.** Based on the findings set forth above, the *Court* PRELIMINARILY CERTIFIES the *Settlement Class* for settlement purposes only under Fed. R.

Civ. P. 23(b)(1) and 23(e) in this litigation. The *Court* appoints Roger Reiff as the Class Representative for the *Settlement Class,* and Sarraf Gentile LLP and Stember Feinstein Doyle & Payne, LLC as counsel for the *Settlement Class.*

    4.    **Preliminary Findings Regarding Proposed Settlement.** The *Settlement* is hereby PRELIMINARILY APPROVED. The *Court* preliminarily finds that the proposed *Settlement* (a) appears to be fair, reasonable and adequate; (b) appears to be the product of serious, informed, non-collusive negotiations; (c) has no obvious deficiencies; (d) does not appear to improperly grant preferential treatment to class representatives or segments of the class; (e) appears to fall within the range of possible approval; and (f) warrants providing notice to *Settlement Class* members of the *Settlement,* the opportunity to object, and the scheduling of a formal fairness hearing to consider the *Settlement* and any objections to it.

    5.    **Fairness Hearing.** A fairness hearing is hereby scheduled for ~~___, 2008, at __:00 __.m.~~ *[handwritten: September 17, 2008 at 10:00 a.m.]* (the "*Fairness Hearing*") to consider the *Settlement* and any objections thereto, and to determine, among other things:

- Whether the *Settlement Class* should be finally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and Bankruptcy Rule 7023;

- Whether the *Settlement* should be approved as fair, adequate, reasonable, and consistent with the public interest;

- Whether the litigation should be dismissed with prejudice as to the *Defendants* and *Solutia* pursuant to the terms of the *Settlement;*

- Whether the *Class Notice, Summary Notice* and notice methodology implemented pursuant to the *Settlement Agreement* (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under

*[handwritten addition: 4a. In addition to the standard contents, Plaintiffs' counsel's application for attorney's fees shall include counsel's underlying time records and a summary of the total hours expended by month on 1) fact research, 2) legal research, 3) pleadings, 4) discovery, and 5) settlement.]*

the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement,* and their right to appear at the *Fairness Hearing*; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and(d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement Agreement*;

- Whether the *Plan of Allocation* should be approved;

- Whether *Class Counsel*'s petition for attorneys' fees and reimbursement of costs and expenses should be approved;

- Whether the application for case contribution awards for Roger Reiff and Jeremy Dickerson should be approved;

- Whether the *Settlement* as it relates to the *Bankruptcy Claim* should be approved pursuant to Bankruptcy Rules 7023 and 9019 and 11 U.S.C. §363; and,

- To consider such other matters as the *Settlement Agreement* contemplates or the Court may deem just and proper.

6.   **Class Notice.** The *Court* hereby APPROVES the proposed form of *Class Notice* and *Summary Notice* submitted by the *Parties,* which are appended hereto as Exhibits A and B. The *Court* finds that the proposed *Class Notice* and *Summary Notice* fairly and adequately:

   (a)   describe the terms and effect of the *Settlement Agreement* and of the *Settlement;* [handwritten: on the condition that the words "Solutia Inc. Savings and Investment Plan" in the first line of the Notice and Summary Notice be printed in block cap bold.]

   (b)  notify the *Settlement Class* concerning the proposed *Plan of Allocation;*

   (c)  notify the *Settlement Class* that *Class Counsel* will seek (i) payments from the *Settlement Fund* to Roger Reiff and Jeremy Dickerson, in an amount not to exceed $5,000 each, relating to their contributions to the *Settlement Class* and (ii) attorneys' fees of *Class Counsel* that do not exceed 30% of the *Settlement Fund*, plus reimbursement of costs and expenses incurred in connection with the prosecution of the *Action*, not to exceed $250,000.00;

   (d)  give notice to the *Settlement Class* of the time and place of the *Fairness Hearing;* and

   (e)  describe how the recipients of the *Class Notice* may object to any of the relief requested. The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class,* and the *Court* finds that such proposed manner is the best notice practicable under the circumstances, and directs that *Class Counsel* shall:

- By no later than 60 days[2] before the *Fairness Hearing,* cause the *Class Notice,* with such non-substantive modifications thereto as may be agreed upon by the *Parties* and presented to the *Court,* to be mailed, by first-class mail, postage prepaid, to the last known address of each *Person* within the *Settlement Class* who can be identified by reasonable effort. *Solutia* and/or the *Solutia Defendants* shall provide *Class Counsel* with the names of last known addresses of the members of the *Settlement Class* to the extent such information is within *Solutia's* and the *Solutia Defendants'* custody or control.

- By no later than 60 days before the *Fairness Hearing,* cause the *Class Notice* to be published on the website identified in the *Class Notice.*

- At or before the *Fairness Hearing, Class Counsel* (and *Solutia* with respect to the *Bankruptcy Notice*) shall file with the *Court* a proof of timely compliance with the foregoing requirements.

7.  **Bankruptcy Notice.** The Court hereby APPROVES the proposed form of the *Bankruptcy Notice,* which is appended hereto as Exhibit C. The Court finds that serving the

---

[2] All references to days or dates herein are to calendar days, rather than business or Court days. Should a date fall on a weekend or holiday, the deadline shall be the following business day.

6

proposed *Bankruptcy Notice* with *Solutia's* motion for approval of the *Settlement* provides sufficient notice of the motion, the time and place of the *Fairness Hearing*, and the appropriate procedures for objecting to any of the relief requested.

8. **Objections to Settlement.** Any member of the *Settlement Class* who wishes to object to certification of the *Settlement Class*, to the fairness, reasonableness or adequacy of the *Settlement*, to the *Plan of Allocation*, to any term of the *Settlement Agreement*, to *Class Counsel*'s petition for attorneys' fees and reimbursement of costs and expenses, or to any request for case contribution awards to Roger Reiff and Jeremy Dickerson, may file an objection, to those aspects of the *Settlement* relevant to them. An objector must file with the *Court* a statement of his, her or its objection(s), and such written objection(s) must contain the following information: (i) a statement certifying that the objector is a member of the Class, (ii) the objector's name, address, telephone number and, if applicable, the name, address and telephone number of his, her or its attorney, (iii) a detailed statement of the specific objections to any matter before the Court and all the reasons for the objection, (iv) all of the documents the objector wishes the Court to consider, (v) the names, addresses, and telephone numbers of any witness the objector may call to testify, and (vi) any exhibits that the objector intends to introduce into evidence at the Settlement Fairness Hearing. The objector must also mail the objection and all supporting law and/or evidence to *Class Counsel* and counsel for *Solutia* and the *Defendants*, who shall be responsible for promptly serving all papers received from objectors upon all counsel who are entitled to receive notice pursuant to the *Settlement Agreement*. The addresses for filing objections with the *Court* and for service upon the *Parties* are as follows:

| Court | Class Counsel | Counsel for Solutia, Inc. |
|---|---|---|
| Clerk, USDC | SARRAF GENTILE LLP | KIRKLAND & ELLIS LLP |
| Southern District of New York | Ronen Sarraf | Colin M. Adams |
| | 11 Hanover Square | Citigroup Center |
| 500 Pearl Street | New York, NY 10005 | 153 East 53rd Street |

7

New York, NY 10007    (212) 868-3610    New York, NY 10022

    STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219-1639
(412) 281-8400

**Counsel for the Solutia Defendants**
O'MELVENY & MYERS LLP
Karen M. Wahle
1625 Eye Street, NW
Washington, DC 20006-4001

**Counsel for The Northern Trust Company**
KRAMER LEVIN NAFTALIS & FRANKEL LLP
Michael Dell
1177 Avenue of the Americas
New York, NY 10036

    The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the *Court* by no later than twenty-one (21) days before the date of the *Fairness Hearing*. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than twenty-one (21) days before the date of the *Fairness Hearing*. Filing and service may be effected on the *Court* and counsel by mail, provided facsimile service is made on counsel listed above by no later than twenty-one (21) days before the date of the *Fairness Hearing*. Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objections to the *Settlement*, and any untimely objection shall be barred.

    9.    **Appearance at Fairness Hearing.** Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the *Fairness Hearing* either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the

objector (and, if applicable, the name, address and telephone number of the objector's attorney) on counsel listed above (at the addresses set out above) and file it with the *Court* by no later than twenty-one (21) days before the date of the *Fairness Hearing*. Filing and service may be effected on the *Court* and counsel by mail, provided facsimile service is made on counsel listed above by no later than twenty-one (21) days before the date of the *Fairness Hearing*. Any objector who does not timely file and service a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the *Fairness Hearing*, except for good cause shown.

10. **Notice and Administration Expenses.** Expenses incurred by *Class Counsel* and/or by the *Claims Administrator* in preparing, mailing and publishing the *Class Notice*, *Summary Notice* and *Bankruptcy Notice*, and in preparing, tabulating, calculating and distributing the recovery amounts to the *Settlement Class*, including related expenses or taxes therewith, shall, without further order of this Court, be paid pursuant to the terms of the *Settlement Agreement*.

11. **Briefing Schedule.** No later than 14 days before the *Fairness Hearing*, all motions in connection with final approval of the *Settlement Agreement* and all the terms contained therein shall be filed with the *Court*.

12. **Stay of Proceedings.** Until further order of this *Court*, all proceedings in this *Action*, except for proceedings to effectuate the terms and conditions of the *Settlement*, are hereby stayed, and all discovery, pre-trial and trial deadlines are suspended. Nothing in this paragraph shall be construed to prevent a member of the *Settlement Class* from presenting objections to the *Settlement* in accordance with the terms of this Order and the *Class Notice*.

9

13. **Service of Papers.** All counsel shall promptly furnish each other with copies of any and all objections and Notices of Intention to Appear at Fairness Hearing that come into their possession.

14. **Claims Administrator.** The *Claims Administrator* under the *Settlement Agreement* shall be Gilardi & Co. LLC.

15. **Escrow Agent.** The *Escrow Agent* under the *Settlement Agreement* shall be Gilardi & Co. LLC, which shall hold the *Settlement Fund* pursuant to the *Settlement Agreement* and *Escrow Agreement*. All payments and disbursements from the *Settlement Fund* shall be made only in accordance with the orders of this *Court* and the directions of counsel for the *Parties* in accordance with the terms of the *Settlement Agreement*.

16. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order, if the *Settlement* is terminated in accordance with the *Settlement Agreement*. In such event, Section 12.2 of the *Settlement Agreement* shall govern the rights of the *Parties*.

17. **Use of Order.** In the event this Order becomes of no force or effect, it shall not be offered, construed or used as an admission, concession or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability. Nor shall the Order be offered, construed or used as an admission, concession or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

May 28, 2008

SO ORDERED

*Loretta A. Preska*

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE