# JOINT DECLARATION OF CLASS COUNSEL

# EXHIBIT K

## DECLARATION OF JENNY TRANG

I, Jenny Trang, declare as follows:

1.    I am over 21 years of age and am not a party to: *Dickerson v. Feldman, et al.,* No. 04-cv-7935 (SDNY); *Dickerson v. Feldman, et al.,* No. 06-1616-cv (2d Cir.); *Reiff v. Metz, et al.,* No. 07-cv-06011 (SDNY); or, *In re Solutia Inc., et al.,* No. 03-17949 (SDNY Bnkr.) (collectively, the "Litigation").

2.    I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

3.    I am employed by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California.

4.    I submit this Declaration in order to provide the Court and the parties to the Litigation with information regarding the mailing of the Notice of Proposed Class Action Settlement (the "Notice").

5.    Gilardi was retained as Claims Administrator in connection with the settlement of the Litigation and on May 28, 2008, pursuant to the Findings and Order Preliminarily Approving Class Action Settlement (the "Order"), such appointment was approved by the Court.

6.    I oversaw the preparation and mailing of the Notice pursuant to the Order.  A true and correct copy of the Notice, as modified and approved by the Court, is attached hereto as Exhibit 1.

7.    On or before July 16, 2008, I caused 11,042 address labels prepared from listings provided by Solutia Inc. to be affixed to the Notice.  These address labels reflected the names and addresses of all members of the Settlement Class as defined by the Order.

8.    On July 16, 2008, all 11,042 Notices were posted for first-class mail delivery and delivered to the United States Post Office located in Santa Rosa, California.

9.    On or about July 16, 2008, I caused the Notice to be posted on www.gilardi.com.

1

10.     As of the date of this Declaration, Gilardi has not received any objections to any portion of the settlement of the Litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 28th of August 2008, at San Rafael, California.

JENNY TRANG

**DECLARATION OF JENNY TRANG**

**EXHIBIT 1**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**TO ALL MEMBERS OF THE FOLLOWING CLASS:**

All persons who were participants in the **SOLUTIA INC. SAVINGS AND INVESTMENT PLAN** (the "Plan") who held Solutia stock in their Plan account at any time during the period from September 1, 1997 through and including August 31, 2005, and their beneficiaries, successors, assigns, executors, administrators, estates, heirs and legal representatives. Excluded from the Class are Defendants and any named fiduciary of the Plan, members of their immediate families, and their legal representatives, heirs, successors, or assigns unless such individual is a member of the Class in his or her own right.

**YOU ARE NOT BEING SUED.**
**PLEASE READ THIS NOTICE CAREFULLY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION.**

This Notice advises you of a proposed class action settlement (the "Settlement"). The Settlement provides for a cash payment of $4,750,000.00 and an allowed unsecured claim of $6,650,000.00 against Solutia's bankruptcy estate which, pursuant to per share value assumed in Solutia's bankruptcy reorganization plan, amounts to roughly 70% of its face value through the distribution of shares in reorganized Solutia (the "New Solutia Shares") in accordance with the terms of Solutia's bankruptcy reorganization plan. It should be noted that there is no guaranty as to the actual market value of the New Solutia Shares which are now trading on the New York Stock Exchange since said shares are subject to market fluctuation and volatility. The New Solutia Shares, which as of June 30, 2008, were trading at a price which would yield an approximately 45.8% recovery on the allowed unsecured claim, may ultimately be worth more or less than the value set forth in the bankruptcy reorganization plan. The total Settlement Fund, which has an estimated potential value based upon the value of the New Solutia Shares as set forth in the bankruptcy reorganization plan of $9,405,000.00, minus attorneys' fees, expenses, taxes, and any case contribution awards to Roger Reiff and Jeremy Dickerson, will be allocated to the accounts of Class Members who had portions of the Plan account invested in the Solutia Stock Fund during the Class Period. The Settlement resolves a lawsuit in which the Plaintiff alleged that the Plan's fiduciaries breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") to the Plan and its participants and beneficiaries. You should read this entire Notice carefully because your legal rights may be affected whether you act or not. The Settlement Agreement and additional information with respect to the Settlement are available at www.gilardi.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| YOU CAN DO NOTHING AND RECEIVE PAYMENT | Under the Settlement, Gilardi & Co. LLC will calculate the portion, if any, of the Settlement you are entitled to receive. You do not need to file a claim form. |
| | Current Participants in the Plan. If you are entitled to a payment, the payment will be deposited into your Plan account. |
| | Former Participants in the Plan. If you are entitled to a payment and no longer participate in the Plan, a Plan account will be established for you and you will be notified of such account along with further instructions. |
| | For more information about how the Settlement will be distributed, please refer to the Settlement Agreement and the Plan of Allocation. A copy of both can be obtained by visiting www.gilardi.com or by calling 1-877-458-3690. |
| YOU CAN OBJECT | You can write to the Court about why you don't like the Settlement. |
| YOU CAN GO TO A HEARING | You can ask to speak in Court about the fairness of the Settlement. |

Your rights and options, and the date by which you must object if you are opposed to the Settlement, are explained in this Notice. Further information regarding this litigation and this Notice may be obtained by contacting Class Counsel:

SARRAF GENTILE LLP
Ronen Sarraf
11 Hanover Square
New York, NY 10005

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ...................................................................................................................... **2**

1.   Why did I get this notice package? ............................................................................................ 2
2.   How do I get more information? ................................................................................................. 3
3.   What is this lawsuit about? ........................................................................................................ 3
4.   Why is this a class action? ........................................................................................................ 3
5.   Why is there a Settlement? ....................................................................................................... 3
6.   How do I know if I am part of the Class? ................................................................................... 4
7.   I'm still not sure if I'm included .................................................................................................. 4
8.   Can I exclude myself from the Class? ....................................................................................... 4

**THE SETTLEMENT BENEFITS - WHAT YOU MAY GET** ............................................................ **4**

9.   What does the Settlement provide? ........................................................................................... 4
10.  How much will my payment be? ................................................................................................ 4

**HOW YOU GET A DISTRIBUTION** ............................................................................................... **5**

11.  How can I get my distribution? .................................................................................................. 5
12.  When will I get my distribution? ................................................................................................ 5

**THE LAWYERS REPRESENTING YOU** ....................................................................................... **5**

13.  Do I have a lawyer in this case? ............................................................................................... 5
14.  How will the lawyers be paid? ................................................................................................... 5

**OBJECTING TO THE SETTLEMENT** ........................................................................................... **5**

15.  What does it mean to object? .................................................................................................... 5
16.  How do I tell the Court that I don't like the Settlement? ........................................................... 5

**THE COURT'S FAIRNESS HEARING** .......................................................................................... **6**

17.  When and where will the Court decide whether to grant final approval of
     the Settlement ("Fairness Hearing")? ....................................................................................... 6
18.  Do I have to go to the hearing? ................................................................................................. 7
19.  May I speak at the hearing? ...................................................................................................... 7

**IF YOU DO NOTHING** ................................................................................................................... **7**

20.  What happens if I do nothing at all? .......................................................................................... 7

**GETTING MORE INFORMATION** ................................................................................................. **7**

21.  Are there more details about the Settlement? ........................................................................... 7

**BASIC INFORMATION**

**1.     Why did I get this notice package?**

You or someone in your family are or may have been a participant or beneficiary in the Solutia Inc. Savings and Investment Plan at some time between September 1, 1997 and August 31, 2005, and a portion of your account was invested or maintained in the Solutia Stock Fund.

The Court caused this Notice to be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit in which you are a Class Member, and about all of your options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after objections and appeals, if any, are resolved, the Plan will make the distributions that the Settlement allows among Class Members according to a Court-approved Plan of Allocation.

This package summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.    How do I get more information?**

You can visit www.gilardi.com or call 1-877-458-3690 to find out if you are a Class Member and whether you are eligible for a payment.  Do not contact the Court or Solutia. They will not be able to answer your questions.

**3.    What is this lawsuit about?**

The Plan is a defined contribution plan intended to allow Solutia employees to save for their retirement.  Between September 1, 1997 (when the Plan was established) and December 15, 2003 (two days before Solutia declared bankruptcy), the Plan offered as an investment option for all Plan participants the Solutia Stock Fund (aka the Company Stock Fund) which was primarily invested in Solutia stock.  On August 31, 2005, all Solutia stock held in the Solutia Stock Fund in the Plan was sold.

Starting in October 2004, Jeremy Dickerson and Roger Reiff filed class proofs of claim against Solutia in Solutia's bankruptcy proceedings. In October 2004, Dickerson also filed a class action lawsuit in the United States District Court for the Southern District of New York alleging that Defendants breached their fiduciary duties under ERISA.  Dickerson's action was dismissed by the District Court and Dickerson appealed to the United States Court of Appeals for the Second Circuit, where his appeal is currently stayed.  In June 2007, Reiff filed a similar class action lawsuit in the United States District Court for the Southern District of New York.

The two filed class actions (including the instant action brought by Reiff) and the corresponding class proofs of claim in Solutia's bankruptcy proceeding alleged that Defendants and Solutia had fiduciary duties under the Plan, and that Defendants and Solutia breached those fiduciary duties by causing the Plan to purchase and hold shares of Solutia common stock at a time when according to Plaintiffs, the stock was an unsuitable and imprudent investment for the Plan.

Plaintiffs further alleged that Defendants and Solutia violated ERISA by misrepresenting to Plan participants the financial status of Solutia, and, consequently, the true value of the stock.  The Defendants and Solutia were also alleged to have failed to address and resolve conflicts of interest as fiduciaries of the Plan and insiders of Solutia.  Plaintiffs sought to recover from the Defendants and Solutia losses to the Plan and indirectly to the Plan's participants and beneficiaries caused by the Defendants' and Solutia's alleged conduct.

The Defendants and Solutia deny that they did anything wrong.  The Defendants and Solutia further deny that they have liability to the Plan or to the Plan's participants and beneficiaries.  If the litigation were to continue, the Defendants and Solutia would raise numerous defenses to liability, including (1) they were not fiduciaries to the Plan, (2), if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the lawsuit, (3) to the extent they were fiduciaries, they fully discharged all fiduciary duties imposed on them by ERISA, (4) even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by Plaintiffs, (5) the relief sought by Plaintiffs is not permitted by ERISA and (6) as to relief sought against Solutia, that the Class Proofs of Claim should be subordinated to the recovery of other creditors and therefore, even if valid, are not entitled to any distribution from Solutia's bankruptcy proceeding.

**4.    Why is this a class action?**

In a class action, one or more persons called Class Representatives sue on behalf of people who have similar claims.  Plaintiff Roger Reiff is the Class Representatives in this lawsuit.  All of the people who have similar claims make up the Class and are Class Members.  One court resolves all of the issues for all Class Members.  Because the Class Representative believes that the wrongful conduct alleged in this case affected the Plan and a large group of people in a similar way, he filed his Complaint as a class action.

**5.    Why is there a Settlement?**

The parties have agreed to a Settlement after extensive litigation and negotiations.  By agreeing to a Settlement, the parties avoid the costs and risks of a trial, and the Plan and Class will receive compensation.  Class Counsel has conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation.  Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Plan and the Class.  In addition, an Independent Fiduciary has been retained to review the Settlement and determine whether it is the best interests of the Plan and its participants.  The Court has not made any finding that Solutia, the Defendants or any fiduciary has engaged in any wrongful conduct or in violation of any law or regulation.

**6.    How do I know if I am part of the Class?**

In the Settlement Agreement, the parties have agreed to the certification of a Class for purposes of the Settlement. Everyone who fits the following description is a Class Member:

> All persons who were participants in the Solutia Inc. Savings and Investment Plan (the "Plan") who held Solutia stock in their Plan account at any time during the period from September 1, 1997 through and including August 31, 2005, and their beneficiaries, successors, assigns, executors, administrators, estates, heirs and legal representatives. Excluded from the Class are Defendants and any named fiduciary of the Plan, members of their immediate families, and their legal representatives, heirs, successors, or assigns unless such individual is a member of the Class in his or her own right.

**7.    I'm still not sure if I'm included.**

If you are still not sure whether you are included, you can ask for free help. Please visit www.gilardi.com or call 1-877-458-3690. Do not contact the Court or Solutia.  They will not be able to answer your questions.

**8.    Can I exclude myself from the Class?**

No, you cannot exclude yourself from the Class.

In some types of cases, Class Members have the opportunity to exclude themselves from a Settlement.  This is sometimes referred to as "opting out" of a Settlement.  You do not have the right to exclude yourself from the Settlement in this case.  The Class was preliminarily certified under Fed. R. Civ. P. 23(b)(1) as a "non opt-out" class action. Therefore, you will be bound by any judgments or orders that are entered in the case, and, if the Settlement is approved, you will be deemed to have released the claims identified in the Settlement Agreement (the "Released Claims").

The Released Claims include claims which were or could have been brought in the case on behalf of the Class and the Plan.  The Released Claims also release any unknown claims.  However, claims for individual benefits due under the terms of the Plan will not be released except as specifically set forth in the Settlement Agreement.  The Released Claims are described in greater detail in the Settlement Agreement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement (see questions 15-16 below).

**THE SETTLEMENT BENEFITS – WHAT YOU MAY GET**

**9.    What does the Settlement provide?**

The Solutia Defendants have agreed to pay $4.75 million in cash to resolve the claims alleged against them and Solutia has agreed to provide the Class an allowed unsecured, $6.65 million claim in Solutia's bankruptcy.  That claim will yield less than its $6.65 million face value when it is paid in accordance with Solutia's bankruptcy reorganization plan.  The claim in Solutia's bankruptcy proceeding is being paid with New Solutia Shares which have been valued for purposes of the bankruptcy reorganization plan to yield a distribution of approximately 70% of the face value of the claim.  It should be noted that there is no guaranty as to the actual market value of the New Solutia Shares which are now trading on the New York Stock Exchange since the shares are subject to market fluctuation and volatility.  The New Solutia Shares, which as of June 30, 2008, were trading at a price which would yield an approximately 45.8% recovery on the allowed unsecured claim, may ultimately be worth more or less than the value set forth in the bankruptcy reorganization plan.  With the Court's approval, Class Counsel may seek to transfer the claim to a third-party institution in order to receive an immediate lump sum payment for the Class.   The total payments to be received through the Settlement together will comprise the Settlement Fund.  If approved by the Court, attorneys' fees, costs and expenses requested by Class Counsel, case contribution awards to Roger Reiff and Jeremy Dickerson, and any applicable taxes will be deducted from the Settlement Fund.  The amount that will be allocated to the Plan accounts of Class Members after the deduction of these items is called the Net Proceeds.

**10.    How much will my payment be?**

Your share of the Net Proceeds will depend on the amount of losses your Plan account suffered through investments in the Stock Fund during the Class Period.  The total losses of all Class Members will be aggregated to determine the total losses of the Class.  Your share of the Net Proceeds will be approximately equal to your share of the total losses of the Class.  However, Class Members whose share of the Net Proceeds is less than $10 will not receive a distribution; their share of the Net Proceeds will instead be reallocated to other Class Members who are entitled to a distribution.

4

Do not worry if you do not have records of your Plan holdings and losses. You are not responsible for calculating the amount of your losses; they will be determined based on the Plan's records. For more information, please refer to the Section 11 of the Settlement Agreement—the Plan of Allocation.

If you have questions regarding the Settlement or the amount you may receive, do not contact the Court or Solutia. Neither the Court nor Solutia is authorized to answer any questions that you may have. You may visit www.gilardi.com or call 1-877-458-3690.

**11.    How can I get my distribution?**

If you are a current participant in the Plan, any payment you are authorized to receive will be deposited into your Plan account. If you are a former employee, an account will be established for you and you will be notified of such account along with further instructions.

**12.    When will I get my distribution?**

The Court has ordered that a hearing be held on September 17, 2008 at 10:00 a.m. in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, to determine whether the proposed Settlement is fair, reasonable, and adequate and whether the Settlement Agreement should be approved by the Court; whether judgment should be entered dismissing the case with prejudice; the amount of attorneys' fees, costs and expenses to be awarded to Class Counsel, and the case contributions awards to be awarded to Roger Reiff and Jeremy Dickerson, if any. If the Court approves the Settlement, appeals may follow. It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### THE LAWYERS REPRESENTING YOU

**13.    Do I have a lawyer in this case?**

The Court appointed the law firms of Sarraf Gentile LLP and Stember Feinstein Doyle & Payne, LLC to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    How will the lawyers be paid?**

Class Counsel will petition the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund plus reimbursement of their costs and expenses not to exceed $250,000. This award, if approved, will be paid from the Settlement Fund. This motion will be considered at the Fairness Hearing. Plaintiffs will also request case contribution awards of $5,000 each for Roger Reiff and Jeremy Dickerson for their contributions to the Class. Such awards, if approved, will be paid from the Settlement Fund. Any attorneys' fees awarded by the Court will be distributed, based on mutual agreement and respective contribution to the case, among the following law firms representing Plaintiffs: Sarraf Gentile LLP; Stember Feinstein Doyle & Payne, LLC; Malakoff Doyle & Finberg, P.C.; Richard A. Finberg; Hewitt Law Firm; and, Lowenstein Sandler PC. You will not have to pay any attorneys' fees, costs or expenses, or any case contribution awards.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement.

**15.    What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. It will not have any bearing on your right to a distribution if the Settlement is approved.

**16.    How do I tell the Court that I don't like the Settlement?**

A Class Member who wants to object to the certification of the Class, the Settlement, the Plan of Allocation, an application for case contribution awards, an award of attorneys' fees, costs and expenses to Class Counsel, or to any other aspect of the Settlement, must file a written objection. Objections and any supporting papers must be filed with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, no later than August 27, 2008. As stated in the Order granting preliminary approval to the Settlement, written objections must contain the following information: (i) a statement certifying that the objector is a member of the Class, (ii) your name, address, telephone number and, if applicable, the name, address and telephone number of your attorney, (iii) a detailed statement of your specific objections to any matter before the Court and all the reasons for the objection, (iv) all of the

5

documents you wish the Court to consider, (v) the names, addresses, and telephone numbers of any witness you may call to testify, and (vi) any exhibits that you intend to introduce into evidence at the Settlement Fairness Hearing.

In addition, if you wish to be heard orally, you must state in your written objection(s) your intention to appear at the Fairness Hearing (attendance at the Fairness Hearing, however, is not required). Your objection must be accompanied by copies of any supporting papers or briefs you intend to submit in support of your objection. Objections must be served upon Class Counsel and Defendants' Counsel at the addresses listed below on or before August 27, 2008.

**Court**

Clerk, USDC
Southern District of New York
500 Pearl Street
New York, NY  10007

**Class Counsel**

SARRAF GENTILE LLP
Ronen Sarraf
11 Hanover Square
New York, NY  10005

**Class Counsel**

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219

**Counsel for Solutia, Inc.**

KIRKLAND & ELLIS LLP
Jonathan S. Henes
Colin M. Adams
Citigroup Center
153 East 53rd Street
New York, NY  10022

**Counsel for the Solutia Defendants**

O'MELVENY & MYERS LLP
Karen M. Wahle
1625 Eye Street, NW
Washington, DC  20006

**Counsel for The Northern Trust Company**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Michael Dell
1177 Avenue of the Americas
New York, NY  10036

ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE WAY DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED SUCH OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.

ALL PAPERS SUBMITTED MUST INCLUDE THE CASE NUMBER 07-CV-06011 ON THE FIRST PAGE.

### THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to grant final approval to the Settlement. You may attend and you may ask to speak, but you are not required to do so.

**17.    When and where will the Court decide whether to grant final approval of the Settlement ("Fairness Hearing")?**

The Court will hold a Fairness Hearing on September 17, 2008 in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York  10007, at 10:00 a.m. At this hearing, the Court will determine whether the Class should be certified; whether the Settlement Agreement (including the Plan of Allocation) is fair, reasonable, and adequate and whether it should be finally approved by the Court; whether judgment should be entered dismissing the Litigation and the Defendants with prejudice; the amount of attorneys' fees, costs and expenses to be awarded to Class Counsel, if any; and whether Roger Reiff and Jeremy Dickerson will receive a case contribution award. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court will take to make its decision.

6

**18.    Do I have to go to the hearing?**

No.  You are, however, welcome to attend at your own expense.  If you file an objection to the Settlement, you do not have to go to Court to talk about it.  As long as your objection is postmarked by August 27, 2008, and you comply with the requirements in answer to question 16 above, the Court will consider it.  You also may pay your own lawyer to attend the Fairness Hearing.

**19.    May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing.  Any person wishing to appear must state in their written objection(s) their intention to appear at the Fairness Hearing.

**IF YOU DO NOTHING**

**20.    What happens if I do nothing at all?**

If you are entitled to a Settlement distribution, you will receive a distribution as discussed in question 10 and in the Plan of Allocation.

**GETTING MORE INFORMATION**

**21.    Are there more details about the Settlement?**

This Notice is intended only as a summary of the Action and proposed Settlement.  All capitalized terms shall have the same meaning in this Notice as they have in the Settlement Agreement.  This Notice is not a complete description of the Action or the proposed Settlement.  You may inspect the pleadings and other papers (including the Settlement Agreement) that have been filed in this lawsuit at the office of the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York  10007.  If you have any questions about this notice or the proposed settlement, you may contact Class Counsel (listed in answer 16) or the Claims Administrator by visiting www.gilardi.com or calling 1-877-458-3690.

DO NOT CONTACT THE COURT FOR INFORMATION.

*In re Solutia, Inc. ERISA Litigation*
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990


**Important Legal Document**


# SLTA1