# JOINT DECLARATION OF CLASS COUNSEL

# EXHIBIT L



**U.S. TRUST**
Bank of America Private Wealth Management

August 26, 2008

Solutia Inc.
575 Maryville Centre Drive
St. Louis, MO 63141

Re:   Statement of Independent Fiduciary
      *Reiff v. Metz, et al.*

Ladies and Gentlemen:

This statement is made by Bank of America, National Association, acting through U.S. Trust Bank of America Private Wealth Management ("BANA") in its capacity as independent fiduciary to the Solutia Inc. Savings and Investment Plan (the "Plan") sponsored by Solutia, Inc. in connection with the proposed settlement (the "Settlement") of the class action lawsuit captioned *Reiff. v. Metz, et al.*, 1:07-cv-06011-LAP (S.D.N.Y.) ("ERISA Litigation").

On August 18, 2008, BANA was engaged by the Pension and Savings Fund Committee, in accordance with Prohibited Transaction Class Exemption 2003-39 (the "Class Exemption"), to serve as an independent fiduciary for the Plan for the limited purpose of making the determinations described below. BANA has extensive experience in serving in the capacity of an independent fiduciary to employee benefit plans, including in connection with ERISA class action lawsuits, and is closely familiar with the fiduciary obligations imposed by ERISA.

Consistent with the requirements of the Class Exemption: (i) BANA has no relationship to, or interest in, any of the parties involved in the litigation that might affect the exercise of its best judgment as an independent fiduciary; (ii) the terms of the Settlement are specifically described in a written settlement agreement; (iii) BANA has acknowledged in writing that it is a fiduciary with respect to the Settlement on behalf the Plan; and (iv) BANA will maintain or cause to be maintained for a period of six years the records described in the Class Exemption.

In accordance with the conditions of the Class Exemption, BANA is required to make determinations as to whether the Settlement satisfies the applicable conditions of the Class Exemption including whether: (i) the Settlement is reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone; (ii) the terms and conditions of the transaction are no less favorable to the Plan than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances; and (iii) the transaction is part of an agreement, arrangement, or understanding designed to benefit a party in interest.

BANA primarily considered the merits of the parties' claims and their respective arguments, the relief provided by the Settlement, the scope of the release, the legal fees requested by Class Counsel and the proposed plan of allocation. In making such determinations and deciding whether to accept or reject the Settlement on behalf of the Plan, BANA is required to act in accordance with the fiduciary responsibility standards of ERISA. Consistent with the Class Exemption, BANA can authorize the Settlement on behalf of the Plan if, after a review of the Settlement, BANA concludes that the chances of obtaining any further relief for the Plan are not justified by the expense and risk involved in pursuing such relief. In determining whether the Settlement is reasonable in light of the Plan's likelihood of full recovery, the

risks and costs of litigation, and the value of claims foregone, BANA is obligated to weigh these factors pursuant to a prudent decision-making process, given the facts and circumstances of the litigation.

In fulfilling its responsibilities and in evaluating the reasonableness of the Settlement, BANA has taken the following actions:

1. Reviewed court documents and other information and documents in the ERISA Litigation that it deemed relevant, including, but not limited to, plan documents, trust documents and other information related to the Plan;

2. Interviewed counsel for the parties in the ERISA Litigation;

3. Evaluated the strengths and weaknesses of the legal and factual arguments on which the ERISA Litigation was based;

4. Reviewed and analyzed the scope of the Settlement release;

5. Reviewed Plaintiffs' requested attorney's fees; and

6. Reviewed the proposed plan of allocation.

Based on its evaluation of the relevant documents and information associated with the class action and the Settlement, and taking into account the fiduciary obligations imposed by ERISA, BANA has requested that the parties make some clarifying corrections to the language in certain sections of the Settlement agreement including the Release (as defined in the Settlement Agreement), the definition of Independent Fiduciary and the definition of De Minimis Claimants. Subject to the acceptance of the proposed clarifying language to be submitted to the Court by the parties, BANA has concluded that: (i) the relief provided by the Settlement is reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone; (ii) the terms and conditions of the transaction are no less favorable to the Plan than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances; and (iii) the transaction is not part of an agreement, arrangement, or understanding designed to benefit a party in interest. As a result, BANA hereby authorizes the Settlement and, in its capacity as independent fiduciary of the Plan and for an on behalf of the Plan grants a release that is coextensive with the release granted by the Representative Plaintiff (as defined in the Settlement Agreement) on behalf of himself, the Plan and the Settlement Class as of the Effective Date, as required by the Settlement agreement. The above notwithstanding, because Class Counsel has not yet filed their attorneys' fee application, we have filed a provisional objection to Class Counsel's attorneys' fee request with the Court so that we may have an opportunity to evaluate such attorneys' fee request in detail. After reviewing Class Counsel's attorneys' fee application, we will supplement our provisional objection letter with additional information, to the extent deemed appropriate. Alternatively, if we determine that the requested attorneys' fees and expenses are appropriate, we will withdraw this limited objection.

Very truly yours,

BANK OF AMERICA,
NATIONAL ASSOCIATION

By: *Norman P. Goldberg (npg)*
Name: Norman P. Goldberg
Title: Managing Director