EXHIBIT A

HEARING DATE: SEPTEMBER 17, 2008 AT 10 A.M. (ET)
RESPONSE DEADLINE: SEPTEMBER 12, 2008 AT 5 P.M. (ET)

**KIRKLAND & ELLIS LLP**
Citigroup Center
153 East 53rd Street
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Jonathan S. Henes
Colin M. Adams

200 East Randolph Drive
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200
Jeffrey J. Zeiger (*Pro Hac Vice*)

*Attorneys for the Reorganized Debtors*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER REIFF, <br><br> Plaintiff, <br><br> v. <br><br> FRANK A. METZ, JR., SHEILA FELDMAN, HELEN L. NELLING, SUSAN E. BEVINGTON, NANCY STEMME, CHRISTOPHER N. AST, EMPLOYEE BENEFITS PLAN COMMITTEE, PENSION AND SAVINGS FUND COMMITTEE, JOHN HUNTER, ROBERT CLAUSEN, ROBERT POTTER, MICHAEL E. MILLER, PAUL H. HATFIELD, J. PATRICK MULCAHY, SALLY G. NARODICK, PAUL DONOVAN, ROBERT H. JENKINS, WILLIAM D. RUCKELSHAUS, JOHN B. SLAUGHTER, PHILIP R. LOCHNER, JR., ROBERT T. BLAKELY, NORTHERN TRUST COMPANY, and JOHN DOES 1-100, <br><br> Defendants. | CIVIL ACT NO. 07-cv-6011 (LAP) <br> (ECF Matter) <br><br> Judge Loretta A. Preska |

**NOTICE OF HEARING ON SOLUTIA INC.'S
MOTION TO APPROVE CLASS ACTION SETTLEMENT**

PLEASE TAKE NOTICE that a hearing on Solutia Inc.'s Motion to Approve Class Action Settlement will be held before the Honorable Loretta A. Preska, United States District Court Judge, in Room 12A of the United States District Court for the Southern District of New York (the "District Court"), Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Room 1320, New York, NY 10007 on September 17, 2008 at 10 a.m. or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that the hearing may be adjourned thereafter from time to time without further notice to claimants and other parties in interest other than the announcement of the adjourned date at the hearing or any other hearing thereafter.

PLEASE TAKE FURTHER NOTICE that the Motion may be examined and inspected by interested parties between the hours of 9:00 a.m. and 4:30 p.m. at the office of the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, or viewed online at <www.nysd.uscourts.gov>.

PLEASE TAKE FURTHER NOTICE that objections, if any, must be in writing, shall conform to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York and shall be filed with the District Court electronically by registered users of the District Court's case filing system (the rules for the Electronic Case Filing System can be found at <www.nysd.uscourts.gov>, the official website for the District Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format and shall be served upon (i) Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022 (Attn: Jonathan S. Henes, Esq.), counsel for Solutia Inc., (ii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st floor, New York, New York, 10004 (Attn: Greg Zipes, Esq.), (iii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 (Attn: Timothy R. Pohl, Esq. and Samuel S. Ory, Esq.), counsel for the agents for the Solutia's postpetition secured lenders, (iv) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036 (Attn: Bennett S. Silverberg, Esq.), counsel for the agents for the Solutia's postpetition secured lenders, (v) Akin, Gump, Strauss, Hauer & Feld, LLP, 590 Madison Avenue, New York, New York 10022 (Attn: Daniel H. Golden, Esq.), counsel for the official committee of unsecured creditors, (vi) White & Case, LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida, 33131 (Attn: John K. Cunningham, Esq.), counsel for the prepetition ad hoc committee of Solutia senior secured noteholders, (vii) Spencer Fane Britt Browne LLP, 1 North Brentwood Boulevard, Tenth Floor, St. Louis, Missouri 63105 (Attn: Nicholas A. Franke, Esq.), counsel to the official committee of retirees, (viii) Haskell Slaughter Young & Rediker LLC, 1400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203 (Attn: R. Scott Williams, Esq.), counsel to the official committee of retirees, (ix) Pillsbury Winthrop LLP, 650 Town Center Drive, Seventh Floor, Costa Mesa, California 92626 (Attn: Craig A. Barbarosh, Esq.), counsel to the official committee of equity security holders, (x) Brown Rudnick Berlack Israels, LLP, 120 West 45th Street, New York, New York 10036 (Attn: Steven B. Smith, Esq.), counsel to the ad hoc Trade Committee, (xi) Brown Rudnick Berlack Israels, LLP, One Financial Center, Boston, Massachusetts 02111 (Attn: Steven B. Levine, Esq.), counsel to the *ad hoc* Trade Committee, (xii) Hennigan, Bennett & Dorman, LLP, 865 S. Figueroa St., Suite 2900, Los Angeles, California 90017 (Attn: Bennett Murphy), counsel to the *ad hoc* committee of Noteholders and (xiii) all other entities set forth in the Debtors' Master Service List established

pursuant to that certain Order Establishing Notice Procedures, dated December 18, 2003, so as to be received no later than September 12, 2008 at 5 p.m. (prevailing Eastern Time) (the "Objection Deadline"). Only those objections that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in entry of an order granting the Motion as requested by Solutia.

Dated: August 28, 2008
      New York, New York        Respectfully Submitted,

*/s/ Jonathan S. Henes*
**KIRKLAND & ELLIS LLP**
Jonathan S. Henes
Colin M. Adams
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey J. Zeiger (*Pro Hac Vice*)
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*Attorneys for the Reorganized Debtors*

HEARING DATE: SEPTEMBER 17, 2008 AT 10 A.M. (ET)
RESPONSE DEADLINE: SEPTEMBER 12, 2008 AT 5 P.M. (ET)

**KIRKLAND & ELLIS LLP**
Citigroup Center
153 East 53rd Street
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Jonathan S. Henes
Colin M. Adams

200 East Randolph Drive
Chicago, Illinois 60601
Tel: (312) 861-2000
Fax: (312) 861-2200
Jeffrey J. Zeiger (*Pro Hac Vice*)

*Attorneys for the Reorganized Debtors*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROGER REIFF, <br><br> PLAINTIFF, <br><br> V. <br><br> FRANK A. METZ, JR., SHEILA FELDMAN, HELEN L. NELLING, SUSAN E. BEVINGTON, NANCY STEMME, CHRISTOPHER N. AST, EMPLOYEE BENEFITS PLAN COMMITTEE, PENSION AND SAVINGS FUND COMMITTEE, JOHN HUNTER, ROBERT CLAUSEN, ROBERT POTTER, MICHAEL E. MILLER, PAUL H. HATFIELD, J. PATRICK MULCAHY, SALLY G. NARODICK, PAUL DONOVAN, ROBERT H. JENKINS, WILLIAM D. RUCKELSHAUS, JOHN B. SLAUGHTER, PHILIP R. LOCHNER, JR., ROBERT T. BLAKELY, NORTHERN TRUST COMPANY, and JOHN DOES 1-100, <br>       DEFENDANTS. | CIVIL ACT NO. 07-cv-6011 (LAP) <br> (ECF Matter) <br><br> Judge Loretta A. Preska |

## SOLUTIA INC.'S MOTION TO APPROVE CLASS ACTION SETTLEMENT

Solutia Inc., a reorganized debtor (collectively, with certain of its affiliates as reorganized debtors, the "Reorganized Debtors"), hereby files this Motion seeking approval of a class action settlement (the "Settlement") among Solutia; Roger Reiff (on behalf of himself, the Settlement Class, and the Solutia Inc. Savings and Investment Plan); Jeremy Dickerson (individually); Frank A. Metz, Jr., Sheila Feldman, Helen L. Nelling, Susan E. Bevington, Nancy Stemme, Christopher N. Ast, Employee Benefits Plan Committee, Pension and Savings Fund Committee, John Hunter, Robert Clausen, Robert Potter, Michael E. Miller, Paul H. Hatfield, J. Patrick Mulcahy, Sally G. Narodick, Paul Donovan, Robert H. Jenkins, William D. Ruckelshaus, John B. Slaughter, Philip R. Lochner, Jr., and Robert T. Blakely (the "Solutia Non-Debtor Defendants"); and The Northern Trust Company (together with the Solutia Non-Debtor Defendants, the "Non-Debtor Defendants") pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9019, and Federal Rule of Civil Procedure 23. In support of its Motion, Solutia respectfully states:

## BACKGROUND

1. On December 17, 2003, Solutia and certain of its debtor subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code in the U.S. Bankruptcy Court for the Southern District of New York.

2. On October 19, 2004, Jeremy Dickerson filed Claim No. 854 in Solutia's chapter 11 cases (together, with amendments, the "Dickerson Claim").

3. On November 23, 2004, Roger Reiff filed Claim No. 6701 in Solutia's chapter 11 cases (together, with amendments, the "Reiff Claim"). The Dickerson Claim and Reiff Claim (collectively, the "Bankruptcy Claims") sought $290 million from Solutia's estates and alleged that Solutia breached its fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, by allowing Solutia employees to purchase Solutia common stock

2

in their Solutia Savings and Investment Plan accounts when Solutia should have known that it was a poor investment option.

4. Dickerson and Reiff also filed putative class actions in this Court against the Non-Debtor Defendants. *See Dickerson v. Feldman*, Case No. 04-CV-07935 (LAP); *Reiff v. Metz*, Case No. 07-CV-6011 (LAP).

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE SETTLEMENT

6. For nearly four years, Solutia worked with its primary stakeholders in chapter 11 to reach a settlement that would allow it to reallocate significant legacy environmental, tort, and retiree liabilities that it had inherited when it was spun-off from Pharmacia (formerly known as the old Monsanto Company) in 1997. In August 2007, Solutia achieved such a deal (the "Global Settlement"). There were several obstacles, however, remaining in Solutia's path to emergence. Among the most significant were the Bankruptcy Claims. If the Bankruptcy Claims were allowed in their stated amount of $290 million, the percentage recovery for Solutia's general unsecured creditors would have dropped to a point that parties to the Global Settlement likely would no longer have supported it.

7. Following approximately six months of settlement negotiations, Solutia reached an agreement to settle the Bankruptcy Claims on the eve of its confirmation hearing in November 2007. The following day, the terms of the settlement were read into the record at the confirmation hearing. No one objected. In December 2007, the settlement was expanded to

3

include the claims against the Non-Debtor Defendants. Following approximately five months of additional negotiations, the Settlement Agreement was executed on May 19, 2008.

8. The Court should approve the Settlement because it is fair and equitable and well above the lowest point in the range of reasonableness (the applicable standards under Bankruptcy Rule 9019). Solutia needed to resolve the Bankruptcy Claims to preserve the Global Settlement, which took it nearly four years to reach. It was able to do so for a $6.65 million general unsecured claim (a fraction of the $290 million asserted claim value). Additionally, it was able resolve the claims against Non-Debtor Defendants (some of whom were entitled to indemnification from Solutia under the terms of Solutia's Fifth Amended Joint Plan of Reorganization (as modified) (the "Plan")) for $250,000 in cash and $4.50 million in insurance. The Settlement helped clear the way for Solutia to emerge from chapter 11 by ensuring that creditor recoveries would not materially change because of the Bankruptcy Claims from those set forth in the Global Settlement, and avoiding months or years of costly litigation over the Bankruptcy Claims and cases pending before this Court. For reasons set forth more fully in the Memorandum of Law in Support of Solutia Inc.'s Motion to Approve Class Action Settlement, the Court should approve the Settlement.

## RELIEF REQUESTED

9. For the reasons set forth above and in the accompanying memorandum of law, Solutia seeks an order certifying the Class (as defined in the Settlement Agreement) for settlement purposes only pursuant to Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23 and approving the Settlement pursuant to Bankruptcy Rule 9019.

## NOTICE

10. Notice of this Motion will be provided by first-class mail to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel for the former official committee of unsecured creditors, (c) counsel for the former official committee of retirees, (d) counsel for the former official committee of equity security holders, (e) counsel for the former *ad hoc* Solutia trade claims committee, (f) counsel for the former *ad hoc* committee of Solutia noteholders, (g) the labor organizations that are party to collective bargaining agreements with Solutia, (h) Pharmacia Corporation, (i) Monsanto Company, (j) the Securities and Exchange Commission, (k) the Internal Revenue Service, (l) Solutia's claims monitor, (m) counsel for Dickerson, Reiff, and the Non-Debtor Defendants, and (n) all parties that have formally appeared and requested service in Solutia's chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the relief requested herein, Solutia submits that no other or further notice of the Motion need be given.

## NO PRIOR REQUEST

11. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Solutia respectfully requests that the Court enter an order: (a) certifying the Class for settlement purposes only, and (b) approving the Settlement.

Dated: August 28, 2008
New York, New York

Respectfully Submitted,

*/s/ Jonathan S. Henes*
**KIRKLAND & ELLIS LLP**
Jonathan S. Henes
Colin M. Adams
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey J. Zeiger (*Pro Hac Vice*)
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*Attorneys for the Reorganized Debtors*