# Global Settlement Agreement

# Exhibit 1.20 (Escrow Agreement)

## ESCROW AGENCY AGREEMENT

This Escrow Agency Agreement ("Escrow Agreement") is entered into in connection with the pending settlement in the actions: *Dickerson v. Feldman*, No. 04-7935 (SDNY), app'd 06-1616 (2d Cir.), *Reiff v. Metz*, No. 07-6011 (SDNY) and *In re Solutia Inc.*, 03-17949 (Bkr. SDNY) (collectively referred to as the "Litigation").

I.  **Recitals**

    A.  The parties to this Escrow Agreement are as follows:

        (1)  Roger Reiff, individually and on behalf of the Settlement Class, and Jeremy Dickerson, individually (collectively, "Claimants"), represented by the undersigned Class Counsel;

        (2)  Solutia, represented by its undersigned counsel;

        (3)  The Solutia Defendants, represented by their undersigned counsel;

        (4)  Gilardi & Co. LLC ("Gilardi") as escrow agent (the "Escrow Agent").

    B.  Claimants, on the one hand, and Solutia, the Solutia Defendants and Northern Trust, on the other hand, have agreed to a settlement (the "Settlement") of the Litigation to be memorialized in the Global Settlement Agreement ("Settlement Agreement"). Capitalized terms used but not otherwise defined herein shall have the meanings given to the terms in the Settlement Agreement. To the extent the terms of this Escrow Agreement conflict with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall govern and control in all respects.

    C.  The Settlement Agreement provides for, among other things, the establishment of a Settlement Fund which includes $4,750,00.00 to be funded by Solutia, the Solutia Defendants and/or the Insurers (collectively, the "Payors"), which amount shall be disbursed in accordance with the terms of this Escrow Agreement and the Settlement Agreement. The Payors agree to deposit $4,750,000 into an escrow account pursuant to the terms of the Settlement Agreement.

    D.  Pending the Effective Date of the Settlement, the parties hereto have entered into this Escrow Agreement to carry out and effectuate the Settlement.

Now, therefore, in consideration of the foregoing and the mutual covenants and considerations contained herein, the parties agree as follows:

II.  **Appointment of Escrow Agent and Deposits into Escrow**

A.  The parties hereto hereby appoint the Escrow Agent to act as escrow agent hereunder and the Escrow Agent hereby accepts such appointment for the purpose of receiving, safeguarding and disbursing the Escrow Fund (as defined below) in accordance with the terms and conditions set forth herein.

B.  On or before 7 business days after entry of the Preliminary Approval Order, the Payors shall deposit with the Escrow Agent by wire transfer of immediately available funds the amount of $4,750,000.00 in accordance with the wire transfer instructions listed below and the terms of the Settlement Agreement. Payors shall have no funding or payment obligation to the Escrow Fund whatsoever after such funding occurs. The Escrow Agent agrees to further deposit such amounts into an interest bearing account at Bank of the West in the name of the *Solutia ERISA Litigation Settlement Fund* (the "Escrow Account").

Bank of the West
Business Services
201 N. Civic Dr., Suite 1900
Walnut Creek, CA 94596

ABA Number: 121100782
Account Number: 756-030532
Account Name: Solutia ERISA Litigation Settlement Fund
Taxpayer Identification Number: 26-2479004

C.  The proceeds from any transfer or sale of the *Bankruptcy Allowed Claim* and/or any shares that become deliverable on account of the *Bankruptcy Allowed Claim* (the "New Solutia Common Stock") pursuant to the *Plan of Reorganization* shall be deposited with the Escrow Agent, who shall then deposit such amounts into the Escrow Account or maintain the New Solutia Common Stock, as the case may be.

## III.  Interest and Investments

A.  As promptly as possible upon receipt of available funds (or the next business day if funds become available after 12:00 noon), the Escrow Agent shall cause the funds deposited into the Escrow Account to be invested in either short term United States Agency or Treasury securities backed by the full faith and credit of the United States Government ("Debt Obligation") or in money market funds whose portfolio is composed of short-term United States Agency of Treasury securities (which are backed by the full faith and credit of the United States Government), and shall reinvest the proceeds as they mature in similar instruments and/or funds at their then current market rates. However, if bank fees exceed interest to be earned on investments, the Escrow Agent shall not invest the Escrow Fund. The Escrow Agent shall have the right to liquidate any investments held in order to provide funds necessary to make required payments under this Escrow Agreement. The Escrow Agent shall have no liability for any loss sustained as a result of any investment or as a result of any liquidation of any

investment prior to its maturity. The Escrow Agent shall not invest any portion of the Escrow Fund in any Debt Obligation having a maturity in excess of thirty (30) days.

B.  The Escrow Agent may sell or present for redemption any investment described in Paragraph III (A) (other than any New Solutia Shares which may be sold only pursuant to the terms of the Settlement Agreement) above whenever it shall be necessary in order to provide funds to meet any payment required pursuant to this Escrow Agreement, and the Escrow Agent shall not be liable or responsible for any loss resulting therefrom.

## IV.  **Taxes and Related Matters**

A.  The parties to this Escrow Agreement agree to treat the Escrow Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1. In addition, the parties to this Escrow Agreement shall jointly and timely make such elections as necessary or advisable to carry out the "relation-back election" (as defined in Treas. Reg. Section 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and to cause the appropriate filing to occur. Notwithstanding anything to the contrary in this Escrow Agreement, the parties agree and acknowledge that, for purposes of Section 468B of the Internal Revenue Code of 1986, as amended (the "Code") and the Treasury Regulations promulgated thereunder, only the Payors shall be treated as a "transferror" (within the meaning of such term under Treasury Regulations Section 1.468B-1(d)(1)) with respect to the Escrow Fund.

B.  For the purposes of Section 468B of the Code and the Treasury Regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Escrow Fund (including without limitation the returns described in Treas. Reg. Section 1.468B-2(k)). Such returns (as well as the election described in Paragraph IV(A) of this Escrow Agreement) shall be consistent with this Paragraph IV(B) and, in all events, shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned on the Escrow Fund shall be paid out of the Escrow Fund as provided in Paragraph IV(C)) hereof.

C.  All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Escrow Fund, including any taxes or tax detriments that may be imposed on the parties to this Escrow Agreement or their respective counsel, with respect to any income earned by the Escrow Fund for any period during which the Escrow Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes") and (ii) all expenses and

costs incurred in connection with the operation and implementation of this Section IV (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses related to filing (or failing to file) any necessary returns) ("Tax Expenses") shall be paid solely out of the Escrow Fund; in all events, no party to this Escrow Agreement, nor their respective counsel, except for the Escrow Agent, shall have liability or responsibility for the payment of Taxes from the Escrow Fund and/or Tax Expenses from the Escrow Fund, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. Plaintiff, Defendants and Solutia are not responsible for Taxes or Tax Expenses, or any amount that may be required to be withheld under Treasury Regulation Section 1.468B-2(l)(2), or any amounts that may be required to be withheld under Treasury Regulation Section 1.468B-2(1)(2), or for any reporting requirements that may relate thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section IV.

## V.    Distribution of the Escrow Fund

A.     Until the Effective Date, the Escrow Agent shall only make disbursements from the Escrow Fund in accordance with a written direction from Class Counsel on behalf of Claimants and counsel for Defendants and Solutia, executed and delivered to the Escrow Agent.

B.     Notwithstanding Paragraph V(A), immediately upon entry of the Preliminary Approval Order, the Escrow Agent, upon authorization from Class Counsel on behalf of Claimants, may disburse monies allocable to the payment of expenses incurred by the Claims Administrator.

C.     In the event that the Effective Date does not occur, or the Order allowing the payment of attorney's fees and expenses is reversed or modified on appeal, and in the event that fees and expenses have been paid to any extent, Class Counsel shall within thirty (30) days from receiving notice from Payors' Counsel, or from the Court of appropriate jurisdiction, refund to the Settlement Fund all of the fees, expenses and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate earned on the Settlement Fund.

## VI.    Termination of the Escrow Agreement

A.     In the event that the Effective Date does not occur, or that the Settlement Agreement is terminated, then upon receipt of joint written direction from all parties to this Escrow Agreement or their counsel, or notice from the Court, the Escrow Agent shall, within ten (10) days and without the necessity of any Court order, refund to the Payors the entire balance of the Escrow Fund (including all interest accrued or earned thereon), less any nonrefundable expenses paid from the Escrow Fund in accordance with Sections 9.1.3 and 9.1.5 of the Settlement

Agreement. In the event that the accrued interest and earnings of the Escrow Fund are not sufficient to cover the nonrefundable expenses paid from the Escrow Fund in accordance with Sections 9.1.3 and 9.1.5 of the Settlement Agreement (not to include any fees of counsel), those expenses shall be deducted by the Escrow Agent from the amounts returned to the Payors, provided that such deduction shall not exceed $100,000.

VII. **Miscellaneous Provisions**

A.   Immediately following the Effective Date, upon notice from Class Counsel, on behalf of Claimants, consistent with the terms of the Settlement Agreement, the Escrow Agreement shall be revised to remove Payors from the Escrow Agreement and the Payors shall no longer be signatories to the Escrow Agreement. At that time, the Escrow Agent's reporting obligations shall be solely to the Claimants.

B.   The Escrow Agent shall file with Class Counsel, with copies mailed to the Payors, within five business days after the receipt of each periodic (monthly) account statement until the termination of this Escrow Agreement (and within five business days of the receipt of any periodic statement received after the Termination of this Escrow Agreement), a statement of receipts and disbursements, and property on hand pertaining to the Escrow Fund.

C.   The Escrow Agent's acceptance and administration of the Escrow Fund shall constitute its submission to the jurisdiction of the Court in the Litigation for the purposes of carrying out and enforcement of this Escrow Agreement.

D.   The Escrow Agent undertakes to perform only such duties as are expressly set forth herein and no duties shall be implied. The Escrow Agent shall have no liability under and no duty to inquire as to the provisions of any agreement other than this Escrow Agreement. The Escrow Agent may rely upon and shall not be liable for acting or refraining from acting upon any written notice, instruction or request furnished to it hereunder and believed by it to be genuine and to have been signed or presented by the proper party or parties. The Escrow Agent shall be under no duty to inquire into or investigate the validity, accuracy or content of any such document. The Escrow Agent shall have no duty to solicit any payments which may be due it hereunder. The Escrow Agent shall not be liable for any action taken or omitted by it in good faith except to the extent that a court of competent jurisdiction determines that the Escrow Agent's negligence, gross negligence or willful misconduct was the primary cause of any loss to the Plaintiff and/or Defendants. The Escrow Agent may consult with counsel. In the event that the Escrow Agent shall be uncertain as to its duties or rights hereunder or shall receive instructions, claims or demands from any party hereto which, in its opinion, conflict with any of the provisions of this Escrow Agreement, it shall be entitled to refrain from taking any action and its sole obligation shall be to keep safely all property held in escrow until it shall be directed otherwise in writing by

all of the other parties hereto or by a final order or judgment of a court of competent jurisdiction. Anything in this Escrow Agreement to the contrary notwithstanding, in no event shall the Escrow Agent be liable for special, indirect or consequential loss or damage of any kind whatsoever (including but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

E.      No party to this Escrow Agreement is liable to any other party for losses due to, or if it is unable to perform its obligations under the terms of this Escrow Agreement because of, acts of God, fire, war, terrorism, floods, strikes, equipment or transmission failure, or other causes reasonably beyond its control.

F.      No rights or responsibilities under this Escrow Agreement may be assigned or delegated by the Escrow Agent without prior written approval of the parties hereto; provided, however, that if no approval can be obtained after good faith effort, then upon thirty (30) days written notice by the Escrow Agent to the parties hereto, the Escrow Agent shall have the right to apply to the Court for instructions.

G.      All funds held by the Escrow Agent by virtue of this Escrow Agreement shall be deemed and considered to be held in *custodia legis* of the Court until such time as the Effective Date of the Settlement has occurred and the Escrow Funds have been transferred to the Claims Administrator, or the Escrow Funds are returned to the parties hereto consistent with the terms of this Escrow Agreement.

H.      This Escrow Agreement shall be governed by and interpreted according to the laws of the State of New York.

I.      This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed an original and all of which together shall constitute one and the same Escrow Agreement.

J.      This Escrow Agreement is deemed to have been drafted by all parties hereto and no language contained herein shall be construed against any party hereto.

IN WITNESS WHEREOF, the parties hereto have caused this Escrow Agreement to be executed by them or their duly authorized counsel as of the last date of execution below.

DATED: _____          **SARRAF GENTILE LLP**

                                          _____
                                          Ronen Sarraf
                                          Joseph Gentile
                                          11 Hanover Square
                                          New York, NY 10005
                                          (212) 868-3610

**STEMBER FEINSTEIN DOYLE & PAYNE, LLC**
Ellen M. Doyle
Joel Hurt
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219-1639
(412) 281-8400

**Counsel for Claimants**

DATED: _____    **KIRKLAND & ELLIS LLP**

_____
Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

**Counsel for Solutia Inc.**

DATED: _____    **O'MELVENY & MYERS LLP**

_____
Karen M. Wahle
1625 Eye Street, NW
Washington, DC 20006-4001

**Counsel for The Solutia Defendants**

DATED: _____    GILARDI & CO. LLC

_____
3301 Kerner Boulevard
San Rafael, CA 94901
(415) 461-0410

**Escrow Agent**

7

# Global Settlement Agreement

# Exhibit 3.1 (Preliminary Approval Order)

# FINDINGS AND ORDER
## PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, this litigation involves claims for alleged violations of the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("*ERISA*"),

with respect to the Solutia Inc. Savings and Investment Plan (the "*Plan*");[1]

WHEREAS, presented to the *Court* for preliminary approval is a settlement of the claims

as against the *Defendants* in this *Court* as well as the *Bankruptcy Claim* asserted against *Solutia*

in the *Chapter 11 Proceeding*. The terms of the *Settlement* are set out in a Global Settlement

Agreement (the "*Settlement Agreement*") dated _____ ____, 2008, and executed by counsel

for all the *Parties*; and,

WHEREAS, the *Court* preliminarily considered the *Settlement* to determine, among other

things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the

*Settlement Class* and whether to preliminarily certify the *Settlement Class.*

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      **Withdrawal of Reference.**  The *Court* hereby withdraws the reference of the

*Bankruptcy Claim* pursuant to 28 U.S.C. §157(d), which claim is based upon the proofs of claim

filed by (i) Jeremy Dickerson on October 19, 2004 (Claim No. 854), and thereafter amended on

September 1, 2005 (Claim No. 14735), and then again on June 21, 2007 (Claim No. 14823), and

(ii) Roger Reiff on November 23, 2004 (Claim No. 6701) and thereafter amended on June 21,

2007 (Claim No. 14824) as well as the objections to those claims filed by *Solutia* in the *Chapter

11 Proceeding*, solely for the purpose of effectuating the *Settlement Agreement*.  The withdrawal

---

[1] Capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement.*

of the reference is conditioned in all respects on the occurrence of the *Effective Date* of the

*Settlement*.

     2.    **Class Findings.** The *Court* preliminarily finds that the requirements of the

Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any

other applicable law have been met as to the *Settlement Class*:

     A.    The *Settlement Class* is defined as:

> All persons who were participants in the Solutia Inc. Savings and
> Investment Plan (the "*Plan*") who held Solutia stock in their *Plan*
> account at any time during the period from September 1, 1997
> through and including August 31, 2005, and their beneficiaries,
> successors, assigns, executors, administrators, estates, heirs and
> legal representatives. Excluded from the *Settlement Class* are
> *Defendants* and any named fiduciary of the *Plan*, members of their
> immediate families, and their legal representatives, heirs,
> successors, or assigns unless such individual is a member of the
> *Settlement Class* in his or her own right.

     B.    The *Court* preliminarily finds that the *Settlement Class* is ascertainable

from records kept with respect to the *Plan* and from other objective criteria and the *Settlement*

*Class*, consisting of more than seven thousand members, is so numerous that joining all of its

members before the *Court* would be impracticable. Rule 23(a)(1) is satisfied.

     C.    The *Court* preliminarily finds that there are one or more questions of fact

and/or law common to the *Settlement Class*, including whether the *Defendants* breached their

fiduciary duties with respect to investments in the *Stock Fund*; whether *Defendants* breached

their fiduciary duties by failing to provide complete and accurate information to participants; and

whether the *Plan* suffered losses. Rule 23(a)(2) is satisfied.

     D.    The Court preliminarily finds that the claims of Roger Reiff (the

"*Representative Plaintiff*") are typical of the claims of the *Settlement Class*. Rule 23(a)(3) is

satisfied.

E.     The Court preliminarily finds that the *Representative Plaintiff* will fairly and adequately protect the interests of the *Settlement Class* in that (i) the interests of the *Representative Plaintiff* and the nature of his alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between the *Representative Plaintiff* and the *Settlement Class;* and (iii) the *Representative Plaintiff* has retained qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated *ERISA* class actions.  Rule 23(a)(4) is satisfied.

F.     The Court preliminarily finds that Rule 23(b)(1) is satisfied because the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *Action*; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

G.     The Court preliminarily finds that *Class Counsel* is suitable and appropriate for appointment to represent the *Settlement Class*, in that *Class Counsel* has done extensive work identifying and investigating potential claims in the action, and has vigorously and ably represented the interests of the *Settlement Class* throughout this litigation; *Class Counsel* is experienced in handling class actions, other complex litigation and claims of the type asserted in the *Action*; *Class Counsel* is knowledgeable of the applicable law; and *Class Counsel* has committed the necessary resources to represent the *Settlement Class.*  Rule 23(g) is satisfied.

3.     **Class Certification.**  Based on the findings set forth above, the *Court* PRELIMINARILY CERTIFIES the *Settlement Class* for settlement purposes only under Fed. R.

Civ. P. 23(b)(1) and 23(e) in this litigation.  The *Court* appoints Roger Reiff as the Class

Representative for the *Settlement Class,* and Sarraf Gentile LLP and Stember Feinstein Doyle &

Payne, LLC as counsel for the *Settlement Class.*

      4.      **Preliminary Findings Regarding Proposed Settlement.**  The *Settlement* is

hereby PRELIMINARILY APPROVED.  The *Court* preliminarily finds that the proposed

*Settlement* (a) appears to be fair, reasonable and adequate; (b) appears to be the product of

serious, informed, non-collusive negotiations; (c) has no obvious deficiencies; (d) does not

appear to improperly grant preferential treatment to class representatives or segments of the

class; (e) appears to fall within the range of possible approval; and (f) warrants providing notice

to *Settlement Class* members of the *Settlement,* the opportunity to object, and the scheduling of a

formal fairness hearing to consider the *Settlement* and any objections to it.

      5.      **Fairness Hearing.**  A fairness hearing is hereby scheduled for _____

____, 2008, at __:00 ___.m. (the "*Fairness Hearing*") to consider the *Settlement* and any

objections thereto, and to determine, among other things:

- Whether the *Settlement Class* should be finally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and Bankruptcy Rule 7023;

- Whether the *Settlement* should be approved as fair, adequate, reasonable, and consistent with the public interest;

- Whether the litigation should be dismissed with prejudice as to the *Defendants* and *Solutia* pursuant to the terms of the *Settlement;*

- Whether the *Class Notice, Summary Notice* and notice methodology implemented pursuant to the *Settlement Agreement* (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under

4

the circumstances, to apprise members of the *Settlement Class* of the

pendency of the litigation, their right to object to the *Settlement,* and their

right to appear at the *Fairness Hearing*; (c) were reasonable and constituted

due, adequate and sufficient notice to all persons entitled to notice; and (d) met

all applicable requirements of the Federal Rules of Civil Procedure, and any

other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for

  purposes of entering into and implementing the *Settlement Agreement*;

- Whether the *Plan of Allocation* should be approved;

- Whether *Class Counsel*'s petition for attorneys' fees and reimbursement of

  costs and expenses should be approved;

- Whether the application for case contribution awards for Roger Reiff and

  Jeremy Dickerson should be approved;

- Whether the *Settlement* as it relates to the *Bankruptcy Claim* should be

  approved pursuant to Bankruptcy Rules 7023 and 9019 and 11 U.S.C. §363;

  and,

- To consider such other matters as the *Settlement Agreement* contemplates or

  the Court may deem just and proper.

6.     **Class Notice.** The *Court* hereby APPROVES the proposed form of *Class Notice*

and *Summary Notice* submitted by the *Parties,* which are appended hereto as Exhibits A and B.

The *Court* finds that the proposed *Class Notice* and *Summary Notice* fairly and adequately:

(a)     describe the terms and effect of the *Settlement Agreement* and of the

*Settlement;*

(b)    notify the *Settlement Class* concerning the proposed *Plan of Allocation;*

(c)    notify the *Settlement Class* that *Class Counsel* will seek (i) payments from the *Settlement Fund* to Roger Reiff and Jeremy Dickerson, in an amount not to exceed $5,000 each, relating to their contributions to the *Settlement Class* and (ii) attorneys' fees of *Class Counsel* that do not exceed 30% of the *Settlement Fund*, plus reimbursement of costs and expenses incurred in connection with the prosecution of the *Action,* not to exceed $250,000.00;

(d)    give notice to the *Settlement Class* of the time and place of the *Fairness Hearing;* and

(e)    describe how the recipients of the *Class Notice* may object to any of the relief requested.  The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class,* and the *Court* finds that such proposed manner is the best notice practicable under the circumstances, and directs that *Class Counsel* shall:

- By no later than 60 days[2] before the *Fairness Hearing,* cause the *Class Notice,* with such non-substantive modifications thereto as may be agreed upon by the *Parties* and presented to the *Court,* to be mailed, by first-class mail, postage prepaid, to the last known address of each *Person* within the *Settlement Class* who can be identified by reasonable effort.  *Solutia* and/or the *Solutia Defendants* shall provide *Class Counsel* with the names of last known addresses of the members of the *Settlement Class* to the extent such information is within *Solutia's* and the *Solutia Defendants'* custody or control.

- By no later than 60 days before the *Fairness Hearing,* cause the *Class Notice* to be published on the website identified in the *Class Notice.*

- At or before the *Fairness Hearing, Class Counsel* (and *Solutia* with respect to the *Bankruptcy Notice*) shall file with the *Court* a proof of timely compliance with the foregoing requirements.

7.    **Bankruptcy Notice.**  The Court hereby APPROVES the proposed form of the *Bankruptcy Notice,* which is appended hereto as Exhibit C.  The Court finds that serving the

---

[2] All references to days or dates herein are to calendar days, rather than business or Court days.  Should a date fall on a weekend or holiday, the deadline shall be the following business day.

proposed *Bankruptcy Notice* with *Solutia's* motion for approval of the *Settlement* provides sufficient notice of the motion, the time and place of the *Fairness Hearing*, and the appropriate procedures for objecting to any of the relief requested.

        8.        **Objections to Settlement.**  Any member of the *Settlement Class* who wishes to object to certification of the *Settlement Class*, to the fairness, reasonableness or adequacy of the *Settlement,* to the *Plan of Allocation,* to any term of the *Settlement Agreement,* to *Class Counsel*'s petition for attorneys' fees and reimbursement of costs and expenses, or to any request for case contribution awards to Roger Reiff and Jeremy Dickerson, may file an objection, to those aspects of the *Settlement* relevant to them.  An objector must file with the *Court* a statement of his, her or its objection(s), and such written objection(s) must contain the following information: (i) a statement certifying that the objector is a member of the Class, (ii) the objector's name, address, telephone number and, if applicable, the name, address and telephone number of his, her or its attorney, (iii) a detailed statement of the specific objections to any matter before the Court and all the reasons for the objection, (iv) all of the documents the objector wishes the Court to consider, (v) the names, addresses, and telephone numbers of any witness the objector may call to testify, and (vi) any exhibits that the objector intends to introduce into evidence at the Settlement Fairness Hearing.  The objector must also mail the objection and all supporting law and/or evidence to *Class Counsel* and counsel for *Solutia* and the *Defendants,* who shall be responsible for promptly serving all papers received from objectors upon all counsel who are entitled to receive notice pursuant to the *Settlement Agreement.*  The addresses for filing objections with the *Court* and for service upon the *Parties* are as follows:

| Court | Class Counsel | Counsel for Solutia, Inc. |
|---|---|---|
| Clerk, USDC | SARRAF GENTILE LLP | KIRKLAND & ELLIS LLP |
| Southern District of New York | Ronen Sarraf | Colin M. Adams |
| | 11 Hanover Square | Citigroup Center |
| 500 Pearl Street | New York, NY 10005 | 153 East 53rd Street |

New York, NY 10007      (212) 868-3610          New York, NY 10022

                        STEMBER FEINSTEIN        **Counsel for the Solutia Defendants**
                        DOYLE & PAYNE, LLC       O'MELVENY & MYERS LLP
                        Ellen M. Doyle           Karen M. Wahle
                        1705 Allegheny Building   1625 Eye Street, NW
                        429 Forbes Avenue        Washington, DC 20006-4001
                        Pittsburgh, PA  15219-1639
                        (412) 281-8400           **Counsel for The Northern Trust Company**
                                                 KRAMER LEVIN NAFTALIS & FRANKEL
                                                 LLP
                                                 Michael Dell
                                                 1177 Avenue of the Americas
                                                 New York, NY 10036

The objector or his, her or its counsel (if any) must effect service of the objection on

counsel listed above and file it with the *Court* by no later than twenty-one (21) days before the

date of the *Fairness Hearing*.  If an objector hires an attorney to represent him, her or it for the

purposes of making such objection pursuant to this paragraph, the attorney must both effect

service of a notice of appearance on counsel listed above and file it with the *Court* by no later

than twenty-one (21) days before the date of the *Fairness Hearing*.  Filing and service may be

effected on the *Court* and counsel by mail, provided facsimile service is made on counsel listed

above by no later than twenty-one (21) days before the date of the *Fairness Hearing*.  Any

member of the *Settlement Class* or other *Person* who does not timely file and serve a written

objection complying with the terms of this paragraph shall be deemed to have waived, and shall

be foreclosed from raising, any objections to the *Settlement*, and any untimely objection shall be

barred.

  9.  **Appearance at Fairness Hearing.**  Any objector who files and serves a timely,

written objection in accordance with paragraph 6 above, may also appear at the *Fairness*

*Hearing* either in person or through counsel retained at the objector's expense.  Objectors or their

attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention

to appear setting forth, among other things, the name, address and telephone number of the

objector (and, if applicable, the name, address and telephone number of the objector's attorney) on counsel listed above (at the addresses set out above) and file it with the *Court* by no later than twenty-one (21) days before the date of the *Fairness Hearing.* Filing and service may be effected on the *Court* and counsel by mail, provided facsimile service is made on counsel listed above by no later than twenty-one (21) days before the date of the *Fairness Hearing.* Any objector who does not timely file and service a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the *Fairness Hearing,* except for good cause shown.

10.     **Notice and Administration Expenses.** Expenses incurred by *Class Counsel* and/or by the *Claims Administrator* in preparing, mailing and publishing the *Class Notice, Summary Notice* and *Bankruptcy Notice,* and in preparing, tabulating, calculating and distributing the recovery amounts to the *Settlement Class,* including related expenses or taxes therewith, shall, without further order of this Court, be paid pursuant to the terms of the *Settlement Agreement.*

11.     **Briefing Schedule.** No later than 14 days before the *Fairness Hearing,* all motions in connection with final approval of the *Settlement Agreement* and all the terms contained therein shall be filed with the *Court.*

12.     **Stay of Proceedings.** Until further order of this *Court,* all proceedings in this *Action,* except for proceedings to effectuate the terms and conditions of the *Settlement,* are hereby stayed, and all discovery, pre-trial and trial deadlines are suspended. Nothing in this paragraph shall be construed to prevent a member of the *Settlement Class* from presenting objections to the *Settlement* in accordance with the terms of this Order and the *Class Notice.*

13. **Service of Papers.** All counsel shall promptly furnish each other with copies of any and all objections and Notices of Intention to Appear at Fairness Hearing that come into their possession.

14. **Claims Administrator.** The *Claims Administrator* under the *Settlement Agreement* shall be Gilardi & Co. LLC.

15. **Escrow Agent.** The *Escrow Agent* under the *Settlement Agreement* shall be Gilardi & Co. LLC, which shall hold the *Settlement Fund* pursuant to the *Settlement Agreement* and *Escrow Agreement.* All payments and disbursements from the *Settlement Fund* shall be made only in accordance with the orders of this *Court* and the directions of counsel for the *Parties* in accordance with the terms of the *Settlement Agreement.*

16. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the *Parties,* all of whom shall be restored to their respective positions existing immediately before this *Court* entered this Order, if the *Settlement* is terminated in accordance with the *Settlement Agreement.* In such event, Section 12.2 of the *Settlement Agreement* shall govern the rights of the *Parties.*

17. **Use of Order.** In the event this Order becomes of no force or effect, it shall not be offered, construed or used as an admission, concession or declaration by or against *Defendants* of any fault, wrongdoing, breach or liability. Nor shall the Order be offered, construed or used as an admission, concession or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

SO ORDERED this _____ day of _____, 2008.

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

# Preliminary Approval Order

# Exhibit A (Class Notice)

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### TO ALL MEMBERS OF THE FOLLOWING CLASS:

All persons who were participants in the Solutia Inc. Savings and Investment Plan (the "Plan") who held Solutia stock in their Plan account at any time during the period from September 1, 1997 through and including August 31, 2005, and their beneficiaries, successors, assigns, executors, administrators, estates, heirs and legal representatives. Excluded from the Class are Defendants and any named fiduciary of the Plan, members of their immediate families, and their legal representatives, heirs, successors, or assigns unless such individual is a member of the Class in his or her own right.

### YOU ARE NOT BEING SUED.
### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.

This Notice advises you of a proposed class action settlement (the "Settlement"). The Settlement provides for a cash payment of $4,750,000.00 and an allowed unsecured claim of $6,650,000.00 against Solutia's bankruptcy estate which, pursuant to per share value assumed in Solutia's bankruptcy reorganization plan, amounts to roughly 70% of its face value through the distribution of shares in reorganized Solutia (the "New Solutia Shares") in accordance with the terms of Solutia's bankruptcy reorganization plan. It should be noted that there is no guaranty as to the actual market value of the New Solutia Shares which are now trading on the New York Stock Exchange since said shares are subject to market fluctuation and volatility. The New Solutia Shares, which are currently trading at a price which would yield an approximately ____% recovery on the allowed unsecured claim, may ultimately be worth more or less than the value set forth in the bankruptcy reorganization plan. The total Settlement Fund, which has an estimated potential value based upon the value of the New Solutia Shares as set forth in the bankruptcy reorganization plan of $9,405,000.00, minus attorneys' fees, expenses, taxes, and any case contribution awards to Roger Reiff and Jeremy Dickerson, will be allocated to the accounts of Class Members who had portions of the Plan account invested in the Solutia Stock Fund during the Class Period. The Settlement resolves a lawsuit in which the Plaintiff alleged that the Plan's fiduciaries breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") to the Plan and its participants and beneficiaries. You should read this entire Notice carefully because your legal rights may be affected whether you act or not. The Settlement Agreement and additional information with respect to the Settlement are available at www.gilardi.com.

.

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| YOU CAN DO NOTHING AND RECEIVE PAYMENT | Under the Settlement, Gilardi & Co. LLC will calculate the portion, if any, of the Settlement you are entitled to receive. You do not need to file a claim form. |
| | Current Participants in the Plan.  If you are entitled to a payment, the payment will be deposited into your Plan account. |
| | Former Participants in the Plan.  If you are entitled to a payment and no longer participate in the Plan, a Plan account will be established for you and you will be notified of such account along with further instructions.<br><br>For more information about how the Settlement will be distributed, please refer to the Settlement Agreement and the Plan of Allocation. A copy of both can be obtained by visiting www.gilardi.com or by calling _____ . |
| YOU CAN OBJECT | You can write to the Court about why you don't like the Settlement. |
| YOU CAN GO TO A HEARING | You can ask to speak in Court about the fairness of the Settlement. |

Your rights and options, and the date by which you must object if you are opposed to the Settlement, are explained in this Notice.  Further information regarding this litigation and this Notice may be obtained by contacting Class Counsel:

SARRAF GENTILE LLP
Ronen Sarraf
11 Hanover Square
New York, NY 10005


STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219-1639


**QUESTIONS? VISIT www.gilardi.com or CALL _____ . Do not call the Court or Solutia. They cannot answer your questions.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...........................................................................................................

1. Why did I get this notice package? ....................................................................................
2. How do I get more information? ........................................................................................
3. What is this lawsuit about? ...............................................................................................
4. Why is this a class action? ................................................................................................
5. Why is there a Settlement? ...............................................................................................
6. How do I know if I am part of the Class? ..........................................................................
7. I'm still not sure if I'm included ......................................................................................
8. Can I exclude myself from the Class? ...............................................................................

**THE SETTLEMENT BENEFITS-WHAT YOU MAY GET** ..............................................................

9. What does the Settlement provide? ..................................................................................
10. How much will my payment be? .......................................................................................

**HOW YOU GET A DISTRIBUTION** ...........................................................................................

11. How can I get my distribution? .........................................................................................
12. When will I get my distribution? .......................................................................................

**THE LAWYERS REPRESENTING YOU** ....................................................................................

13. Do I have a lawyer in this case? ........................................................................................
14. How will the lawyers be paid? ..........................................................................................

**OBJECTING TO THE SETTLEMENT** .......................................................................................

15. What does it mean to object? ...........................................................................................
16. How do I tell the Court if I don't like the Settlement? .......................................................

**THE COURT'S FAIRNESS HEARING** ......................................................................................

17. When and where will the Court decide whether to grant final approve of ..........................
    the Settlement ("Fairness Hearing")? ...............................................................................
18. Do I have to go to the hearing? ........................................................................................
19. May I speak at the hearing? .............................................................................................

**IF YOU DO NOTHING** ..........................................................................................................

20. What happens if I do nothing at all? .................................................................................

**GETTING MORE INFORMATION** ............................................................................................

21. Are there more details about the Settlement? ..................................................................

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

# BASIC INFORMATION

**1.     Why did I get this notice package?**

You or someone in your family are or may have been a participant or beneficiary in the Solutia Inc. Savings and Investment Plan at some time between September 1, 1997 and August 31, 2005, and a portion of your account was invested or maintained in the Solutia Stock Fund.

The Court caused this Notice to be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit in which you are a Class Member, and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals, if any, are resolved, the Plan will make the distributions that the Settlement allows among Class Members according to a Court-approved Plan of Allocation.

This package summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.     How do I get more information?**

You can visit www.gilardi.com or call_____ to find out if you are a Class Member and whether you are eligible for a payment. Do not contact the Court or Solutia. They will not be able to answer your questions.

**3.     What is this lawsuit about?**

The Plan is a defined contribution plan intended to allow Solutia employees to save for their retirement. Between September 1, 1997 (when the Plan was established) and December 15, 2003 (two days before Solutia declared bankruptcy), the Plan offered as an investment option for all Plan participants the Solutia Stock Fund (aka the Company Stock Fund) which was primarily invested in Solutia stock. On August 31, 2005, all Solutia stock held in the Solutia Stock Fund in the Plan was sold.

Starting in October 2004, Jeremy Dickerson and Roger Reiff filed class proofs of claim against Solutia in Solutia's bankruptcy proceedings. In October 2004, Dickerson also filed a class action lawsuit in the United States District Court for the Southern District of New York alleging that Defendants breached their fiduciary duties under ERISA. Dickerson's action was dismissed by the District Court and Dickerson appealed to the United States Court of Appeals for the Second Circuit, where his appeal is currently stayed. In June 2007, Reiff filed a similar class action lawsuit in the United States District Court for the Southern District of New York.

The two filed class actions (including the instant action brought by Reiff) and the corresponding class proofs of claim in Solutia's bankruptcy proceeding alleged that Defendants and Solutia had fiduciary duties under the Plan, and that Defendants and Solutia breached those fiduciary duties by causing the Plan to purchase and hold shares of Solutia common stock at a time when according to Plaintiffs, the stock was an unsuitable and imprudent investment for the Plan.

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

Plaintiffs further alleged that Defendants and Solutia violated ERISA by misrepresenting to Plan participants the financial status of Solutia, and, consequently, the true value of the stock. The Defendants and Solutia were also alleged to have failed to address and resolve conflicts of interest as fiduciaries of the Plan and insiders of Solutia. Plaintiffs sought to recover from the Defendants and Solutia losses to the Plan and indirectly to the Plan's participants and beneficiaries caused by the Defendants' and Solutia's alleged conduct.

The Defendants and Solutia deny that they did anything wrong. The Defendants and Solutia further deny that they have liability to the Plan or to the Plan's participants and beneficiaries. If the litigation were to continue, the Defendants and Solutia would raise numerous defenses to liability, including (1) they were not fiduciaries to the Plan, (2), if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the lawsuit, (3) to the extent they were fiduciaries, they fully discharged all fiduciary duties imposed on them by ERISA, (4) even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by Plaintiffs, (5) the relief sought by Plaintiffs is not permitted by ERISA and (6) as to relief sought against Solutia, that the Class Proofs of Claim should be subordinated to the recovery of other creditors and therefore, even if valid, are not entitled to any distribution from Solutia's bankruptcy proceeding.

**4.    Why is this a class action?**

In a class action, one or more persons called Class Representatives sue on behalf of people who have similar claims. Plaintiff Roger Reiff is the Class Representatives in this lawsuit. All of the people who have similar claims make up the Class and are Class Members. One court resolves all of the issues for all Class Members. Because the Class Representative believes that the wrongful conduct alleged in this case affected the Plan and a large group of people in a similar way, he filed his Complaint as a class action.

**5.    Why is there a Settlement?**

The parties have agreed to a Settlement after extensive litigation and negotiations. By agreeing to a Settlement, the parties avoid the costs and risks of a trial, and the Plan and Class will receive compensation. Class Counsel has conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Plan and the Class. In addition, an Independent Fiduciary has been retained to review the Settlement and determine whether it is the best interests of the Plan and its participants. The Court has not made any finding that Solutia, the Defendants or any fiduciary has engaged in any wrongful conduct or in violation of any law or regulation.

**6.    How do I know if I am part of the Class?**

In the Settlement Agreement, the parties have agreed to the certification of a Class for purposes of the Settlement. Everyone who fits the following description is a Class Member:

> All persons who were participants in the Solutia Inc. Savings and
> Investment Plan (the "Plan") who held Solutia stock in their Plan

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

account at any time during the period from September 1, 1997
through and including August 31, 2005, and their beneficiaries,
successors, assigns, executors, administrators, estates, heirs and
legal representatives. Excluded from the Class are Defendants and
any named fiduciary of the Plan, members of their immediate
families, and their legal representatives, heirs, successors, or
assigns unless such individual is a member of the Class in his or
her own right.

**7.     I'm still not sure if I'm included.**

If you are still not sure whether you are included, you can ask for free help. Please visit
www.gilardi.com or call _____ . Do not contact the Court or Solutia. They will not
be able to answer your questions.

**8.     Can I exclude myself from the Class?**

No, you cannot exclude yourself from the Class.

In some types of cases, Class Members have the opportunity to exclude themselves from a
Settlement. This is sometimes referred to as "opting out" of a Settlement. You do not have the
right to exclude yourself from the Settlement in this case. The Class was preliminarily certified
under Fed. R. Civ. P. 23(b)(1) as a "non opt-out" class action. Therefore, you will be bound by
any judgments or orders that are entered in the case, and, if the Settlement is approved, you will
be deemed to have released the claims identified in the Settlement Agreement (the "Released
Claims").

The Released Claims include claims which were or could have been brought in the case on
behalf of the Class and the Plan. The Released Claims also release any unknown claims.
However, claims for individual benefits due under the terms of the Plan will not be released
except as specifically set forth in the Settlement Agreement. The Released Claims are described
in greater detail in the Settlement Agreement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the
Court not to approve the Settlement (see questions 15-16 below).

### THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

**9.     What does the Settlement provide?**

The Solutia Defendants have agreed to pay $4.75 million in cash to resolve the claims alleged
against them and Solutia has agreed to provide the Class an allowed unsecured, $6.65 million
claim in Solutia's bankruptcy. That claim will yield less than its $6.65 million face value when
it is paid in accordance with Solutia's bankruptcy reorganization plan. The claim in Solutia's
bankruptcy proceeding is being paid with New Solutia Shares which have been valued for
purposes of the bankruptcy reorganization plan to yield a distribution of approximately 70% of
the face value of the claim. It should be noted that there is no guaranty as to the actual market
value of the New Solutia Shares which are now trading on the New York Stock Exchange since
**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court
or Solutia. They cannot answer your questions.**

the shares are subject to market fluctuation and volatility. The New Solutia Shares, which are currently trading at a price which would yield an approximately ____% recovery on the allowed unsecured claim, may ultimately be worth more or less than the value set forth in the bankruptcy reorganization plan. With the Court's approval, Class Counsel may seek to transfer the claim to a third-party institution in order to receive an immediate lump sum payment for the Class. The total payments to be received through the Settlement together will comprise the Settlement Fund. If approved by the Court, attorneys' fees, costs and expenses requested by Class Counsel, case contribution awards to Roger Reiff and Jeremy Dickerson, and any applicable taxes will be deducted from the Settlement Fund. The amount that will be allocated to the Plan accounts of Class Members after the deduction of these items is called the Net Proceeds.

### 10.     How much will my payment be?

Your share of the Net Proceeds will depend on the amount of losses your Plan account suffered through investments in the Stock Fund during the Class Period. The total losses of all Class Members will be aggregated to determine the total losses of the Class. Your share of the Net Proceeds will be approximately equal to your share of the total losses of the Class. However, Class Members whose share of the Net Proceeds is less than $10 will not receive a distribution; their share of the Net Proceeds will instead be reallocated to other Class Members who are entitled to a distribution.

Do not worry if you do not have records of your Plan holdings and losses. You are not responsible for calculating the amount of your losses; they will be determined based on the Plan's records. For more information, please refer to the Section 11 of the Settlement Agreement—the Plan of Allocation.

If you have questions regarding the Settlement or the amount you may receive, do not contact the Court or Solutia. Neither the Court nor Solutia is authorized to answer any questions that you may have. You may visit www.gilardi.com or call _____.

### 11.     How can I get my distribution?

If you are a current participant in the Plan, any payment you are authorized to receive will be deposited into your Plan account. If you are a former employee, an account will be established for you and you will be notified of such account along with further instructions.

### 12.     When will I get my distribution?

The Court has ordered that a hearing be held on _____ at ___:___ __.m.in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, to determine whether the proposed Settlement is fair, reasonable, and adequate and whether the Settlement Agreement should be approved by the Court; whether judgment should be entered dismissing the case with prejudice; the amount of attorneys' fees, costs and expenses to be awarded to Class Counsel, and the case contributions awards to be awarded to Roger Reiff and Jeremy Dickerson, if any. If the Court approves the Settlement, appeals may follow. It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

## THE LAWYERS REPRESENTING YOU

**13.    Do I have a lawyer in this case?**

The Court appointed the law firms of Sarraf Gentile LLP and Stember Feinstein Doyle & Payne, LLC to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    How will the lawyers be paid?**

Class Counsel will petition the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund plus reimbursement of their costs and expenses not to exceed $250,000. This award, if approved, will be paid from the Settlement Fund. This motion will be considered at the Fairness Hearing. Plaintiffs will also request case contribution awards of $5,000 each for Roger Reiff and Jeremy Dickerson for their contributions to the Class. Such awards, if approved, will be paid from the Settlement Fund. Any attorneys' fees awarded by the Court will be distributed, based on mutual agreement and respective contribution to the case, among the following law firms representing Plaintiffs: Sarraf Gentile LLP; Stember Feinstein Doyle & Payne, LLC; Malakoff Doyle & Finberg, P.C.; Richard A. Finberg; Hewitt Law Firm; and, Lowenstein Sandler PC. You will not have to pay any attorneys' fees, costs or expenses, or any case contribution awards.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement.

**15.    What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement. It will not have any bearing on your right to a distribution if the Settlement is approved.

**16.    How do I tell the Court that I don't like the Settlement?**

A Class Member who wants to object to the certification of the Class, the Settlement, the Plan of Allocation, an application for case contribution awards, an award of attorneys' fees, costs and expenses to Class Counsel, or to any other aspect of the Settlement, must file a written objection. Objections and any supporting papers must be filed with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, no later than _____ [21 days before Fairness Hearing]. As stated in the Order granting preliminary approval to the Settlement, written objections must contain the following information: (i) a statement certifying that the objector is a member of the Class, (ii) your name, address, telephone number and, if applicable, the name, address and telephone number of your attorney, (iii) a detailed statement of your specific objections to any matter before the Court and all the reasons for the objection, (iv) all of the documents you wish the Court to consider, (v) the names, addresses, and telephone numbers of any witness you may call to testify, and (vi) any exhibits that you intend to introduce into evidence at the Settlement Fairness Hearing.

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

In addition, if you wish to be heard orally, you must state in your written objection(s) your intention to appear at the Fairness Hearing (attendance at the Fairness Hearing, however, is not required). Your objection must be accompanied by copies of any supporting papers or briefs you intend to submit in support of your objection. Objections must be served upon Class Counsel and Defendants' Counsel at the addresses listed below on or before _____ [21 days before Fairness Hearing].

| **Court** | **Class Counsel** | **Counsel for Solutia, Inc.** |
|---|---|---|
| Clerk, USDC | SARRAF GENTILE LLP | KIRKLAND & ELLIS LLP |
| Southern District of New York | Ronen Sarraf | Jonathan S. Henes |
| | 11 Hanover Square | Colin M. Adams |
| 500 Pearl Street | New York, NY 10005 | Citigroup Center |
| New York, NY 10007 | | 153 East 53rd Street |
| | | New York, NY 10022 |
| | STEMBER FEINSTEIN | |
| | DOYLE & PAYNE, LLC | |
| | Ellen M. Doyle | **Counsel for the Solutia Defendants** |
| | 1705 Allegheny Building | O'MELVENY & MYERS LLP |
| | 429 Forbes Avenue | Karen M. Wahle |
| | Pittsburgh, PA 15219-1639 | 1625 Eye Street, NW |
| | | Washington, DC 20006-4001 |

**Counsel for The Northern Trust Company**
KRAMER LEVIN NAFTALIS & FRANKEL LLP
Michael Dell
1177 Avenue of the Americas
New York, NY 10036

ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE WAY DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED SUCH OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.

ALL PAPERS SUBMITTED MUST INCLUDE THE CASE NUMBER 07-CV-06011 ON THE FIRST PAGE.

### THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to grant final approval to the Settlement. You may attend and you may ask to speak, but you are not required to do so.

**17.    When and where will the Court decide whether to grant final approval of the Settlement ("Fairness Hearing")?**

The Court will hold a Fairness Hearing on _____ in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, at ___:___ __.m. At this hearing, the Court will determine whether the Class should be certified; whether the Settlement Agreement (including the Plan of Allocation) is fair, reasonable, and adequate and whether it should be finally approved by the Court; whether judgment should be entered dismissing the Litigation and the Defendants with prejudice; the amount of attorneys' fees, costs **QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

and expenses to be awarded to Class Counsel, if any; and whether Roger Reiff and Jeremy Dickerson will receive a case contribution award. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court will take to make its decision.

**18.    Do I have to go to the hearing?**

No. You are, however, welcome to attend at your own expense. If you file an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is postmarked by _____ [21 days before Fairness Hearing], and you comply with the requirements in answer to question 16 above, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing.

**19.    May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing. Any person wishing to appear must state in their written objection(s) their intention to appear at the Fairness Hearing.

**IF YOU DO NOTHING**

**20.    What happens if I do nothing at all?**

If you are entitled to a Settlement distribution, you will receive a distribution as discussed in question 10 and in the Plan of Allocation.

**GETTING MORE INFORMATION**

**21.    Are there more details about the Settlement?**

This Notice is intended only as a summary of the Action and proposed Settlement. All capitalized terms shall have the same meaning in this Notice as they have in the Settlement Agreement. This Notice is not a complete description of the Action or the proposed Settlement. You may inspect the pleadings and other papers (including the Settlement Agreement) that have been filed in this lawsuit at the office of the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. If you have any questions about this notice or the proposed settlement, you may contact Class Counsel (listed in Answer 16) or the Claims Administrator by visiting www.gilardi.com or calling _____.

DO NOT CONTACT THE COURT FOR INFORMATION.

**QUESTIONS? VISIT www.gilardi.com or CALL _____. Do not call the Court or Solutia. They cannot answer your questions.**

**Preliminary Approval Order**

**Exhibit B (Summary Notice)**

## COURT-ORDERED LEGAL NOTICE
### (Summary)

IF YOU WERE A PARTICIPANT IN OR BENEFICIARY OF THE SOLUTIA INC. SAVINGS AND INVESTMENT PLAN (THE "PLAN"), AT ANY TIME BETWEEN SEPTEMBER 1, 1997 AND AUGUST 31, 2005, AND YOUR ACCOUNTS INCLUDED INVESTMENTS IN THE SOLUTIA STOCK FUND, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT AS A RESULT OF A CLASS ACTION SETTLEMENT.

A Settlement has been preliminarily approved by the federal court in a class action lawsuit alleging breaches of fiduciary duties under the Employee Retirement Income Security Act ("ERISA") in connection with the Plan's investments in the Solutia Stock Fund.

This Settlement provides for payments to be made to the Plan from several sources which will then be allocated to the accounts of the Class Members (after deducting Court-approved fees, costs and expenses, and case contributions awards). First, the Solutia Defendants, Insurers, and/or Solutia will deposit $4.75 million in cash into the Settlement Fund. Second, subject to Court approval of the Settlement of the Bankruptcy Claim, the Settlement Class will be granted an allowed unsecured claim of $6.65 million against Solutia's bankruptcy estate, which will be paid by the distribution of shares in reorganized Solutia (the "New Solutia Shares") valued under Solutia's bankruptcy reorganization plan that was estimated by Solutia to yield roughly 70% of the face value of the Bankruptcy Claim in accordance with the terms of Solutia's bankruptcy reorganization plan. It should be noted that there is no guaranty as to the actual market value of the New Solutia Shares which are now trading on the New York Stock Exchange since the shares are subject to market fluctuation and volatility. The New Solutia Shares, which are currently trading at a price which would yield an approximately ____% recovery on the allowed unsecured claim, may ultimately be worth more or less than the value set forth in the bankruptcy reorganization plan.

If you qualify as a member of the Class, you may receive a portion of such funds. You do not need to send in a claim or take any other action unless you object to the Settlement. The United States District Court for the Southern District of New York has authorized this Notice.

THE COURT WILL HOLD A HEARING ON _____, 2008 AT _____ TO DECIDE WHETHER TO APPROVE THE SETTLEMENT.

### What Is This Case About?

The Plaintiffs in this case allege that the Defendants and Solutia violated their fiduciary duties under the federal law known as ERISA by (i) maintaining investments in the Solutia Stock Fund at a time when these investments were allegedly imprudent because of Solutia's financial situation; and (ii) failing to provide complete and accurate information to Plan participants about the risks of investing in Solutia stock in light of that financial situation. Solutia and all of the Defendants deny they did anything wrong. The Court has not ruled in favor of either side.

### How Will the Settlement Money Be Allocated?

If you are a Class Member, you will be allocated a share of the Settlement money paid into the Plan based on your proportionate share of the losses alleged to have been sustained by

the Plan as a result of investments in the Solutia Stock Fund.  You are not responsible for calculating your share of the Settlement funds; it will be determined based on the Plan's records.

### What Fees and Expenses Are Being Sought By the Attorneys?
The lawyers who have prosecuted this case for the Named Plaintiffs and the Class on a contingent fee basis will apply to the Court for fees of no more than 30% of the Settlement Fund, plus reimbursement of costs and expenses incurred in connection with the prosecution of the Action.  The Court must approve any fees, costs and expenses to be paid to the attorneys.  Class Members may file objections to the attorneys' applications for fees, costs and expenses.

### Are There More Details to the Settlement?
The Settlement includes a number of other important details.  These include, but are not limited to, provisions relating to (1) releases of Released Claims against the Defendants and Solutia by the Class and (2) how the payment to the Plan will be allocated among Class Members' accounts.

### How Do I Get More Information?
If you are a member of the Class, you should be receiving a Notice of Proposed Class Action Settlement regarding the Settlement in the mail.  You should read that document for more information.  It is more detailed than this summary notice.  If you do not receive a Notice of Proposed Class Action Settlement in the mail, you may request one by visiting **www.gilardi.com** or calling _____.

The following attorneys and law firms are Class Counsel in this action.  You may write to any of the firms listed below if you have any questions about the Settlement:

SARRAF GENTILE LLP                STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ronen Sarraf                      Ellen M. Doyle
Joseph Gentile                    Joel R. Hurt
11 Hanover Square                 1705 Allegheny Building
New York, NY 10005                429 Forbes Avenue
                                  Pittsburgh, PA

### What Are My Options?
You cannot "opt out" or exclude yourself from the Settlement Class.  If you object to the Settlement, certification of the Settlement Class, Class Counsel's request for payment of attorneys' fees, costs and expenses, or the Plan of Allocation, you may file a written objection as described in the Notice of Proposed Class Action Settlement, which objection must be postmarked no later than _____, 2008 [21 days before Fairness Hearing].  If you do not want to object to the Settlement, you do not have to do anything.

### What Happens Next?
The Court will hold a Fairness Hearing on _____, 2008 at_____.  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, whether it is proper to certify the Settlement Class, and whether to grant Class Counsel's request for

2

attorneys' fees, costs and expenses.  If there are objections, the Court will consider them.  After the Fairness Hearing, the Court will decide whether to approve the Settlement.

**Preliminary Approval Order**

**Exhibit C (Bankruptcy Notice)**

**NOTICE OF HEARING ON SOLUTIA INC.'S
MOTION FOR ENTRY OF AN ORDER PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 7023 AND 9019 APPROVING SETTLEMENT OF THE PROOFS
OF CLAIM FILED BY ROGER REIFF AND JEREMY DICKERSON**

PLEASE TAKE NOTICE that a hearing on Solutia Inc.'s Motion for an Order

Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rules 7023 and 9019

Approving Settlement of the Proofs of Claim Filed By Roger Reiff and Jeremy Dickerson (the

"Motion") will be held before the Honorable Loretta A. Preska, United States District Court

Judge, in Room 12A of the United States District Court for the Southern District of New York

(the "District Court"), Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Room

1320, New York, NY 10007 on _____, 2008 at ____.m. or as soon thereafter as counsel may

be heard.

PLEASE TAKE FURTHER NOTICE that the hearing may be adjourned

thereafter from time to time without further notice to claimants and other parties in interest other

than the announcement of the adjourned date at the hearing or any other hearing thereafter.

PLEASE TAKE FURTHER NOTICE that the Motion may be examined and

inspected by interested parties between the hours of 9:00 a.m. and 4:30 p.m. at the office of the

Clerk of the Court, United States District Court for the Southern District of New York, Daniel

Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, or viewed

online at <www.nysd.uscourts.gov>.

PLEASE TAKE FURTHER NOTICE that objections, if any, must be in writing,

shall conform to the Federal Rules of Civil Procedure and the Local Rules for the Southern

District of New York and shall be filed with the District Court electronically by registered users

of the District Court's case filing system (the rules for the Electronic Case Filing System can be

found at <www.nysd.uscourts.gov>, the official website for the District Court) and, by all other

parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

Wordperfect or any other Windows-based word processing format and shall be served upon (i)

Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022

(Attn: Jonathan S. Henes, Esq.), counsel for Solutia Inc., (ii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st floor, New York, New

York, 10004 (Attn: Greg Zipes, Esq.), (iii) Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Chicago, Illinois 60606 (Attn: Timothy R. Pohl, Esq. and Samuel S. Ory,

Esq.), counsel for the agents for the Solutia's postpetition secured lenders, (iv) Skadden, Arps,

Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036 (Attn: Bennett

S. Silverberg, Esq.), counsel for the agents for the Solutia's postpetition secured lenders, (v)

Akin, Gump, Strauss, Hauer & Feld, LLP, 590 Madison Avenue, New York, New York 10022

(Attn: Daniel H. Golden, Esq.), counsel for the official committee of unsecured creditors, (vi)

White & Case, LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900,

Miami, Florida, 33131 (Attn: John K. Cunningham, Esq.), counsel for the prepetition ad hoc

committee of Solutia senior secured noteholders, (vii) Spencer Fane Britt Browne LLP, 1 North

Brentwood Boulevard, Tenth Floor, St. Louis, Missouri 63105 (Attn: Nicholas A. Franke, Esq.),

counsel to the official committee of retirees, (viii) Haskell Slaughter Young & Rediker LLC,

1400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203 (Attn: R. Scott

Williams, Esq.), counsel to the official committee of retirees, (ix) Pillsbury Winthrop LLP, 650

Town Center Drive, Seventh Floor, Costa Mesa, California 92626 (Attn: Craig A. Barbarosh,

Esq.), counsel to the official committee of equity security holders, (x) Brown Rudnick Berlack

Israels, LLP, 120 West 45th Street, New York, New York 10036 (Attn: Steven B. Smith, Esq.),

counsel to the ad hoc Trade Committee, (xi) Brown Rudnick Berlack Israels, LLP, One Financial

Center, Boston, Massachusetts 02111 (Attn: Steven B. Levine, Esq.), counsel to the *ad hoc* Trade

Committee, (xii) Hennigan, Bennett & Dorman, LLP, 865 S. Figueroa St., Suite 2900, Los

Angeles, California 90017 (Attn: Bennett Murphy), counsel to the *ad hoc* committee of

Noteholders and (xiii) all other entities set forth in the Debtors' Master Service List established

pursuant to that certain Order Establishing Notice Procedures, dated December 18, 2003, so as to

be received no later than _____, 2008 at _____.m. (prevailing Eastern Time) (the

"Objection Deadline"). Only those objections that are timely filed, served and received will be

considered at the Hearing. Failure to file a timely objection may result in entry of an order

granting the Motion as requested by Solutia.

# Global Settlement Agreement

# Exhibit 6.4.1 (Final Order)

## ORDER AND FINAL JUDGMENT[1]

WHEREAS, the *Court* having preliminarily approved this *Settlement* (the "*Preliminary Approval Order*");

WHEREAS, upon consideration of all documents filed in support of final approval of the *Settlement Agreement*; and,

WHEREAS, a hearing having been held before this *Court* (the "*Fairness Hearing*") to determine whether to grant final approval of the *Settlement Agreement*;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    **Jurisdiction.**  The *Court* has jurisdiction over the subject matter of this action, all members of the *Settlement Class*, and all *Defendants* pursuant to 29 U.S.C. § 1132(e).  Without affecting the finality of this Order, jurisdiction is hereby retained over this *Action* and the *Parties*, the *Plan*, and the *Settlement Class* members for all matters relating to the *Action*, including (without limitation) the administration, interpretation, effectuation or enforcement of the *Settlement Agreement* and this *Final Order* and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the *Settlement* proceeds to the members of the *Settlement Class*.

2.    **Class Notice.**  In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the *Settlement Class* has been given proper and adequate notice of the *Settlement Agreement* including the *Plan of Allocation*, the *Fairness Hearing* and the motion by *Class Counsel* for fees and expenses in accordance with the *Preliminary Approval Order*.  The notice, summary notice and notice methodology implemented pursuant to the *Settlement Agreement* and the *Preliminary Approval Order*: (a) constituted the best practicable notice; (b)

---

[1] Italicized terms not otherwise deferred in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

constituted notice that was reasonably calculated, under the circumstances, to apprise members

of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*,

and their right to appear at the *Fairness Hearing*; (c) were reasonable and constituted due,

adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable

requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.      **Bankruptcy Notice.**  In accordance with the requirements of due process, the

Court finds that the *Bankruptcy Notice* was reasonable and constituted due, adequate and

sufficient notice of the *Settlement* and *Fairness Hearing* to all persons entitled to notice, and that

no further or other notice needed to be provided.

4.      **Approval of Settlement.**  The *Settlement Agreement* in this Action is hereby

APPROVED in that it warrants final approval pursuant to Federal Rule of Civil Procedure

23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to those it affects, is in the best

interests of the *Plan* and *Settlement Class* members based upon (a) the likelihood of success on

the merits weighed against the amount and form of relief offered in the *Settlement*; (b) the risks,

expense, and delay of further litigation; (c) the judgment of experienced counsel who have

competently evaluated the strength of their proofs; (d) the fairness of the *Settlement* to the

unnamed class members; (e) the number of objections to the *Settlement Agreement* by *Settlement

Class* members and the lack of objection by the *Independent Fiduciary*; (f) the fact that the

*Settlement* is the product of extensive arm's length negotiations; and (g) the fact that this

*Settlement* is consistent with the public interest.  The *Settlement Agreement*, and the *Bankruptcy

Allowed Claim,* is also approved under Bankruptcy Rules 7023 and 9019 and section 363 of the

Bankruptcy Code in that the *Settlement* is in the best interest of *Solutia.* The *Parties* are directed

to consummate the *Settlement* in accordance with the terms of the *Settlement Agreement*.

2

5.    **Approval of Plan of Allocation.**  The *Plan of Allocation* set forth in the

*Settlement Agreement* is hereby APPROVED as fair, adequate, and reasonable.  Upon this Order

becoming *Final*, *Class Counsel* shall direct the *Escrow Agent* to disburse the *Net Proceeds* to

trusts of the *Plan* in accordance with the *Settlement Agreement,* subject to any amounts withheld

by *Class Counsel* for the payment of taxes and related expenses as authorized by the *Settlement*

*Agreement.*

6.    **Class Certification.**  The *Court* hereby APPROVES the maintenance of this

*Action* as a mandatory non-opt-out class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and

Bankruptcy Rule 7023.  The *Settlement Class* consists of the following individuals:

> All persons who were participants in the *Plan* who held Solutia
> stock in their *Plan* account at any time during the period from
> September 1, 1997 through and including August 31, 2005 and
> their beneficiaries, successors, assigns, executors, administrators,
> estates, heirs and legal representatives.  Excluded from the
> *Settlement Class* are *Defendants* and any named fiduciary of the
> *Plan*, members of their immediate families, and their legal
> representatives, heirs, successors, or assigns unless such individual
> is a member of the *Settlement Class* in his or her own right.

The *Court* further finds that the prerequisites for a class action under Fed. R. Civ. P. 23 and

Bankruptcy Rule 7023 have been satisfied in that:

a.    The *Settlement Class*, consisting of more than seven thousand members, is

so numerous that joinder all of its members would be impracticable;

b.    There are questions of fact and law common to the *Settlement Class*,

including whether *Solutia* and the *Defendants* breached their fiduciary duties with respect to

investments in the *Solutia Stock Fund*;

c.    The *Representative Plaintiff* is a member of the *Settlement Class* and his

claims are typical of the claims of the *Settlement Class*;

3

d.      The *Representative Plaintiff* is suitable for appointment as representative of the *Settlement Class* and has and will fairly and adequately protect the interests of the *Settlement Class* in that (i) the interests of the *Representative Plaintiff* and the nature of his alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Representative Plaintiff* and the *Settlement Class;* and (iii) the *Representative Plaintiff* has retained qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated *ERISA* class actions;

e.      The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *Action*;

f.      The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests;

g.      The definition of the *Settlement Class* is sufficiently precise and proper notice was provided to the *Settlement Class*; and

h.      *Class Counsel* is appropriately qualified and suitable for appointment to represent the *Settlement Class*, in that *Class Counsel* has done extensive work identifying and investigating potential claims in the action, and has vigorously and ably represented the interests of the *Settlement Class* throughout this litigation; *Class Counsel* is experienced in handling class actions, other complex litigation and claims of the type asserted in the *Action*; *Class Counsel* is

4

knowledgeable of the applicable law; and *Class Counsel* has committed the necessary resources to represent the *Settlement Class.*

7.    **Class Counsel's Fees and Expenses.**  Based on the work performed by *Class Counsel* and the results achieved, the motion by *Class Counsel* for fees and expenses is GRANTED. *Class Counsel* requested a fee award of _____% of the *Settlement Fund* and the reimbursement of expenses. *Class Counsel* are hereby awarded attorneys' fees in the amount of _____% of the *Settlement Fund,* which the Court finds to be reasonable under the circumstances of this case in light of (a) the value of the benefit rendered to the *Settlement Class;* (b) the value of the services on an hourly basis; (c) the fact that the services were undertaken on a contingent fee basis; (d) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (e) the complexity of the litigation; and (f) the professional skill and standing of counsel involved on both sides. *Class Counsel* are further awarded the sum of $_____ from the *Settlement Fund* as reimbursement of costs and expenses, which the *Court* finds were reasonably incurred for the benefit of the *Settlement Class* in prosecuting the *Settlement Class's* claims and in obtaining the *Settlement,* including expenses incurred in connection with experts and consultants, travel and other litigation-related expenses. The awards of attorneys' fees, costs and expenses shall be allocated among *Class Counsel* as such counsel mutually agree for their respective contributions in the prosecution of the *Action.*

8.    **Case Contribution Awards.** *Class Counsel's* request for case contribution awards of $5,000 each for Roger Reiff and Jeremy Dickerson is fair and reasonable in light of their substantial contribution to the litigation on behalf of the *Settlement Class,* including providing information to *Class Counsel,* reviewing and approving pleadings, and participating in

5

settlement discussions. Accordingly, Roger Reiff and Jeremy Dickerson are awarded

_____ each, all payable from the *Settlement Fund*.

9.    **Bankruptcy Allowed Claim.** Upon this Order becoming *Final, Class Counsel* is

authorized, but not required, to transfer or sell the *Bankruptcy Allowed Claim* and deposit the

proceeds of such transfer or sale into the *Escrow Account* for distribution in accordance with the

terms of the *Settlement Agreement*.

10.    **Releases.** Pursuant to Section 4 of the *Settlement Agreement*, the *Released*

*Parties,* the *Representative Plaintiff,* the *Settlement Class*, Jeremy Dickerson and *Class Counsel*

are hereby released and all other provisions of Section 4 of the *Settlement Agreement* are hereby

APPROVED.

11.    **Finality.** Upon this Order becoming *Final,* the *Settlement Class* and the *Plan*

shall be deemed to have, and by operation of this *Final Order* and Judgment shall have, fully,

finally, and forever released and are forever barred from the prosecution of, any and all *Released*

*Claims.* In the event that the *Settlement Agreement* is terminated in accordance with its terms,

however:  (a) this Judgment shall be null and void and shall be vacated nunc pro tunc, and (b)

this action shall proceed as provided in the *Settlement Agreement*.

12.    **Further Extensions.** Without further order of the *Court,* the parties may agree to

reasonable extensions of time to carry out any of the provisions of the *Settlement Agreement.*

WHEREFORE, There being no just reason for delay in the entry of this *Final Order* and

Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2008.

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE