USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGER REIFF,

    Plaintiff,

v.

FRANK A. METZ, JR., SHEILA FELDMAN, HELEN L. NELLING, SUSAN E. BEVINGTON, NANCY STEMME, CHRISTOPHER N. AST, EMPLOYEE BENEFITS PLAN COMMITTEE, PENSION AND SAVINGS FUND COMMITTEE, JOHN HUNTER, ROBERT CLAUSEN, ROBERT POTTER, MICHAEL E. MILLER, PAUL H. HATFIELD, J. PATRICK MULCAHY, SALLY G. NARODICK, PAUL DONOVAN, ROBERT H. JENKINS, WILLIAM D. RUCKELSHAUS, JOHN B. SLAUGHTER, PHILIP R. LOCHNER, JR., ROBERT T. BLAKELY, NORTHERN TRUST COMPANY, and JOHN DOES 1-100,

    Defendants.

CIVIL ACT NO. 07-cv-6011 (LAP)
(ECF Matter)

Judge Loretta A. Preska

## STIPULATION AND ORDER REGARDING AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT

Roger Reiff (on behalf of himself, the Settlement Class, and the Plan), Jeremy Dickerson (individually), Defendants, and Solutia Inc. (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows[1]:

WHEREAS, the Parties entered into the "Global Settlement Agreement" dated May 19, 2008 (the "Settlement Agreement");

WHEREAS, on June 5, 2008, the Court entered its Findings and Order Preliminarily Approving Class Action Settlement;

---

[1] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Settlement Agreement. Bank of America, National Association joins this Stipulation and Order as the Independent Fiduciary retained in connection with the approval of this Settlement.

WHEREAS, under Section 2.2 of the Settlement Agreement, an Independent Fiduciary was retained to evaluate the Settlement Agreement;

WHEREAS, the Independent Fiduciary has conducted its evaluation of the Settlement Agreement and has requested certain clarifications and modifications to be made;

WHEREAS, the Parties have agreed to make the changes requested by the Independent Fiduciary;

WHEREAS, the Parties and the Independent Fiduciary agree that the amended terms are not material to the Settlement Agreement, do not require any additional notice to be published or sent, and provide no reason to delay the Fairness Hearing, which is scheduled for September 17, 2008 at 10 a.m.;

NOW THEREFORE, in consideration of the mutual agreements contained herein and other consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the Parties and hereby ordered by the Court as follows:

1. Section 1.25 of the Settlement Agreement is amended to define the Independent Fiduciary as Bank of America, National Association.

2. Section 4.1 of the Settlement Agreement is amended to clarify the Parties' intent that the release applies only to matters which took place during the Class Period, and to clarify that released claims concerning the failure to appoint, remove or adequately monitor fiduciaries were limited to those claims regarding the Plan's investment in Solutia common stock and the Solutia Stock Fund.

3. Section 4.4.1 of the Settlement Agreement is amended to clarify the Parties' intent as to which claims for vested benefits are carved out of the release – i.e., those claims for vested benefits under the terms of the Plan.

4. Section 6.6.1 of the Settlement Agreement is amended to clarify Plaintiffs' covenant to not file Released Claims against any of the Released Parties.

5. Section 11.2.6 of the Settlement Agreement is amended to provide that the $10 de minimis threshold with respect to settlement allocations shall apply only to distributions to former employees who have withdrawn their account balances from the Plan.

6. The above-referenced sections of the Settlement Agreement are replaced with those sections contained in Exhibit 1. A redlined version of the changes to the above-referenced sections of the Settlement Agreement are contained in Exhibit 2.

7. Each person who executes this stipulation represents that he or she is counsel for his or her respective client(s) and has the requisite authority to execute this document on behalf of his or her client(s).

8. This stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this stipulation to present any copy, copies or facsimiles signed by the Parties hereto be charged.

9. The Court shall retain jurisdiction to hear any disputes relating to or arising from this stipulation.

IN WITNESS WHEREOF, the *Parties* and the Independent Fiduciary have executed this stipulation on the dates set forth below.

DATED: _August 28, 2008_

SARRAF GENTILE LLP

_Ronen Sarraf_
Ronen Sarraf
Joseph Gentile
11 Hanover Square
New York, NY 10005
(212) 868-3610

STEMBER FEINSTEIN DOYLE
& PAYNE, LLC
Ellen M. Doyle
Joel R. Hurt
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219-1639
(412) 281-8400

**Counsel for Roger Reiff, the Settlement Class, and Jeremy Dickerson**

LOWENSTEIN SANDLER PC
Michael S. Etkin
Ira M. Levee
1251 Avenue of the Americas

3

                                        New York, New York 10020
                                        (212) 262-6700
                                                and
                                        65 Livingston Avenue
                                        Roseland, New Jersey 07068
                                        (973) 597-2500

**Special Bankruptcy Counsel for the Settlement Class**

DATED: *August 29, 2008*                **KIRKLAND & ELLIS LLP**

*/s/ Jonathan S. Henes*
Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

**Counsel for Solutia Inc.**

DATED: *August 29, 2008*                **O'MELVENY & MYERS LLP**

*/s/ Karen M. Wahle*
Karen M. Wahle
1625 Eye Street, NW
Washington, DC 20006-4001

**Counsel for The Solutia Defendants**

DATED: *August 28, 2008*

**KRAMER LEVIN
NAFTALIS & FRANKEL LLP**

*/s/ Michael Dell*

Michael Dell
1177 Avenue of the Americas
New York, NY 10036

**Counsel for The Northern Trust Company**

DATED: _____

**BANK OF AMERICA,
NATIONAL ASSOCIATION,**

_____
Norman Goldberg
600 14th Street, NW
Washington, D.C. 20005

**Independent Fiduciary**

**SO ORDERED.**

_____
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Dated: _____, 2008
New York, New York

5

DATED: _____

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

_____
Michael Dell
1177 Avenue of the Americas
New York, NY 10036

**Counsel for The Northern Trust Company**

DATED: *August 28, 2008*

**BANK OF AMERICA, NATIONAL ASSOCIATION,**

*/s/ Norman P. Goldberg*
Norman Goldberg
600 14th Street, NW
Washington, D.C. 20005

**Independent Fiduciary**

SO ORDERED.

*/s/ Loretta A. Preska*
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Dated: Sept 9, 2008
New York, New York

5

**EXHIBIT 1**

Section 1.25: "*Independent Fiduciary*" shall mean: Bank of America, National Association, successor to United States Trust Company, National Association.

Section 4.1: <u>Releases of the *Released Parties*</u>. Subject to Section 4.4 below and upon the *Effective Date*, the *Representative Plaintiff*, on behalf of himself, the *Plan*, and the *Settlement Class*, each member of the *Settlement Class*, and Jeremy Dickerson, individually, shall be deemed to have, and by operation of the *Final Order* shall have, fully, finally, and forever, released, relinquished, and discharged, and shall forever be enjoined from prosecuting any of the *Defendants*, *Solutia* or any *Person* that at any time served as a named or functional fiduciary or a trustee of the *Plan* (but excluding the *Independent Fiduciary*), as well as any *Representatives* or *Affiliates* of *Defendants* or *Solutia* or any such *Person* (including but not limited to their attorneys, agents, directors, officers and employees), and the *Insurer* (the "*Released Parties*") from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising under local, state, or federal law, whether by statute, contract, common law, equity or otherwise, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the *Representative Plaintiff* or Jeremy Dickerson, either individually or by or on behalf of the *Plan* and/or any member of the *Settlement Class*, or by any member of the *Settlement Class* and that arise out of or are related in any way to the acts, omissions, facts, matters, transactions or occurrences which took place between September 1, 1997 through and including August 31, 2005 that have been alleged or referred to in the *Action*, the *Dickerson Litigation* or the *Bankruptcy Claim*, including but not limited to claims based on breach of *ERISA* fiduciary duties to the *Plan*, to the *Representative Plaintiff*, to the *Settlement Class*, to Jeremy Dickerson and to the other participants and beneficiaries of the *Plan* in connection with: (a) the acquisition and direct or indirect holding of *Solutia* common stock and/or units of the *Solutia Stock Fund* by the *Plan*; (b) failure to provide complete and accurate information to the *Plan's* fiduciaries or the *Plan's* participants and beneficiaries regarding *Solutia*, *Solutia* common stock, and/or the *Solutia Stock Fund*; (c) failure to appoint, remove and/or adequately monitor the *Plan's* fiduciaries regarding the *Plan's* investment in *Solutia* common stock, and/or the *Solutia Stock Fund*; (d) the acquisition, disposition, or retention of *Solutia* common stock and/or units of the *Solutia Stock Fund*; and (e) any claim that would be barred by principles of *res judicata* or collateral estoppel had the claims asserted in the *Action*, the *Dickerson Litigation* or the *Bankruptcy Claim* been fully litigated and resulted in a final judgment or order (collectively, the "*Released Claims*").

Section 4.4.1: The *Settlement* and dismissal of the *Action* shall not release, bar or waive any *ERISA* section 502(a)(1)(B) claim for vested benefits under the terms of the *Plan* by any participant or beneficiary of the *Plan* where such claims are unrelated to any matter asserted in this *Action*, the *Dickerson Litigation* or the *Bankruptcy Claim*.

Section 6.6.1: The *Representative Plaintiff* on behalf of himself, the *Settlement Class*, and the *Plan*, each member of the *Settlement Class*, and Jeremy Dickerson, individually, covenant and agree: (i) not to file against any *Released Party* any additional *Released Claim*, or refile the claim brought in this *Action*, the *Dickerson Litigation*, or the *Bankruptcy Claim*; (ii) not to file against any *Released Party* any claim released under section 4.1 or 4.3; (iii) that the foregoing covenants and agreements shall be a complete defense to any claims released under section 4.1 or 4.3 brought against any of the respective *Released Parties*; and (iv) that if any claims are filed against any *Released Party* that are finally adjudged by a court of competent jurisdiction to be claims described in 4.1 or 4.3, the *Released Party* shall be entitled to reimbursement from the *Person* asserting such claims of any attorneys' fees or costs actually incurred in seeking dismissal of those claims.

Section 11.2.6: The *Claims Administrator* shall identify all Class Members (a) who are former *Solutia* employees who have withdrawn their account balances from the *Plan* and (b) whose Preliminary Dollar Recovery is less than ten dollars ($10.00) ("De Minimis Claimants").

## EXHIBIT 2

Section 1.25: "*Independent Fiduciary*" shall mean: ~~a Plan fiduciary selected and retained at Solutia's sole expense that has no "relationship to" or "interest in" (as those terms are used in the Class Exemption) any of the Parties~~ **Bank of America, National Association, successor to United States Trust Company, National Association.**

Section 4.1: Releases of the *Released Parties*. Subject to Section 4.4 below and upon the *Effective Date*, the *Representative Plaintiff*, on behalf of himself, the *Plan*, and the *Settlement Class*, each member of the *Settlement Class*, and Jeremy Dickerson, individually, shall be deemed to have, and by operation of the *Final Order* shall have, fully, finally, and forever, released, relinquished, and discharged, and shall forever be enjoined from prosecuting ~~all~~ **any** of the *Defendants*, ~~and~~ *Solutia* or ~~and~~ any *Person* that at any time served as a named or functional fiduciary or a trustee of the *Plan* (but excluding the *Independent Fiduciary*), as well as any *Representatives* or *Affiliates* of *Defendants* or *Solutia* or any such *Person* (including but not limited to their attorneys, agents, directors, officers and employees), and the *Insurer* (the "*Released Parties*") from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, and costs whether arising under local, state, or federal law, whether by statute, contract, common law, equity or otherwise, whether brought in an individual, representative, or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that have been, could have been, or could be brought by the *Representative Plaintiff* or Jeremy Dickerson, either individually or by or on behalf of the Plan and/or any member of the *Settlement Class*, or by any member of the *Settlement Class* and that arise out of or are related in any way to the acts, omissions, facts, matters, transactions or occurrences **which took place between September 1, 1997 through and including August 31, 2005** that have been alleged or referred to in the *Action*, the *Dickerson Litigation* or the *Bankruptcy Claim*, including but not limited to claims based on breach of *ERISA* fiduciary duties to the *Plan*, to the *Representative Plaintiff*, to the *Settlement Class*, to Jeremy Dickerson and to the other participants and beneficiaries of the *Plan* in connection with: (a) the acquisition and direct or indirect holding of *Solutia* common stock and/or units of the *Solutia Stock Fund* by the *Plan*; (b) failure to provide complete and accurate information to the *Plan's* fiduciaries or the *Plan's* participants and beneficiaries regarding *Solutia*, *Solutia* common stock, and/or the *Solutia Stock Fund*; (c) failure to appoint remove and/or adequately monitor the *Plan's* fiduciaries **regarding the *Plan's* investment in *Solutia* common stock, and/or the *Solutia Stock Fund***; (d) the acquisition, disposition, or retention of *Solutia* common stock and/or units of the *Solutia Stock Fund*; and (e) any claim that would be barred by principles of *res judicata* or collateral estoppel had the claims asserted in the *Action*, the *Dickerson Litigation* or the *Bankruptcy Claim* been fully litigated and resulted in a final judgment or order (collectively, the "*Released Claims*").

Section 4.4.1: The *Settlement* and dismissal of the *Action* shall not release, bar or waive any *ERISA* section 502(a)(1)(B) claim for vested benefits **under the terms of the *Plan*** by any participant or beneficiary of the *Plan* where such claims are unrelated to any matter asserted in this *Action*, the *Dickerson Litigation* or the *Bankruptcy Claim*.

Section 6.6.1: The *Representative Plaintiff* on behalf of himself, the *Settlement Class*, and the *Plan*, each member of the *Settlement Class*, and Jeremy Dickerson, individually, covenant and agree: (i) not to file against any *Released Party* any additional ~~claim based on, relating to or arising from any~~ *Released Claim*, or refile the claim brought in this *Action*, the *Dickerson Litigation*, or the *Bankruptcy Claim*; (ii) not to file against any *Released Party* any claim released under section 4.1 or 4.3; (iii) that the foregoing covenants and agreements shall be a complete defense to any ~~such~~ claims **released under section 4.1 or 4.3 brought** against any of the respective *Released Parties*; and (iv) that if any ~~such~~ claims are filed against any *Released Party* **that are finally adjudged by a court of competent jurisdiction to be claims described in 4.1 or 4.3**, the *Released Party* shall be entitled to reimbursement from the *Person* asserting such claims of any attorneys' fees or costs actually incurred in seeking dismissal of those claims.

Section 11.2.6: The *Claims Administrator* shall identify all Class Members **(a) who are former *Solutia* employees who have withdrawn their account balances from the *Plan* and (b)** whose Preliminary Dollar Recovery is less than ten dollars ($10.00) ("De Minimis Claimants").