UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/08

------------------------------------------------------------x
JEREMY DICKERSON,                               :
                                                :
              Plaintiff,                        :     Case No. 04-CV-07935 (LAP)
                                                :
v.                                              :
                                                :
SHEILA FELDMAN, et al.                          :
                                                :
              Defendants.                       :
------------------------------------------------------------x

------------------------------------------------------------x
ROGER REIFF,                                    :
                                                :
              Plaintiff,                        :     Case No. 07-CV-06011 (LAP)
                                                :
v.                                              :
                                                :
FRANK A METZ, JR., et al.                       :
                                                :
              Defendants.                       :
------------------------------------------------------------x

## ORDER AND FINAL JUDGMENT[1]

WHEREAS, the *Court* having preliminarily approved this *Settlement* (the "*Preliminary Approval Order*");

WHEREAS, upon consideration of all documents filed in support of final approval of the *Settlement Agreement*; and,

WHEREAS, a hearing having been held before this *Court* (the "*Fairness Hearing*") to determine whether to grant final approval of the *Settlement Agreement*;

---

[1] Italicized terms not otherwise deferred in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. **Jurisdiction.** The *Court* has jurisdiction over the subject matter of this action, all members of the *Settlement Class*, and all *Defendants* pursuant to 29 U.S.C. § 1132(e). The *Court* has jurisdiction to consider and determine issues arising from *Solutia's Chapter 11 Proceeding* pursuant to 28 U.S.C. § 1334. Without affecting the finality of this Order, jurisdiction is hereby retained over this *Action* and the *Parties*, the *Plan*, and the *Settlement Class* members for all matters relating to the *Action*, including (without limitation) the administration, interpretation, effectuation or enforcement of the *Settlement Agreement* and this *Final Order* and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the *Settlement* proceeds to the members of the *Settlement Class*.

2. **Class Notice.** In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the *Settlement Class* has been given proper and adequate notice of the *Settlement Agreement* including the *Plan of Allocation*, the *Fairness Hearing* and the motion by *Class Counsel* for fees and expenses in accordance with the *Preliminary Approval Order*. The notice, summary notice and notice methodology implemented pursuant to the *Settlement Agreement* and the *Preliminary Approval Order*: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3. **Bankruptcy Notice.** In accordance with the requirements of due process, the Court finds that the *Bankruptcy Notice* was reasonable and constituted due, adequate and

sufficient notice of the *Settlement* and *Fairness Hearing* to all persons entitled to notice, and that no further or other notice needed to be provided.

4. **Approval of Settlement.** The *Settlement Agreement* in this Action is hereby APPROVED in that it warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to those it affects, is in the best interests of the *Plan* and *Settlement Class* members based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the *Settlement*; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the fairness of the *Settlement* to the unnamed class members; (e) the number of objections to the *Settlement Agreement* by *Settlement Class* members and the lack of objection by the *Independent Fiduciary*; (f) the fact that the *Settlement* is the product of extensive arm's length negotiations; and (g) the fact that this *Settlement* is consistent with the public interest. The *Settlement Agreement*, and the *Bankruptcy Allowed Claim,* is also approved under Bankruptcy Rules 7023 and 9019 in that the *Settlement* is fair, reasonable and in the best interest of *Solutia.* The *Parties* are directed to consummate the *Settlement* in accordance with the terms of the *Settlement Agreement*.

5. **Approval of Plan of Allocation.** The *Plan of Allocation* set forth in the *Settlement Agreement* is hereby APPROVED as fair, adequate, and reasonable. Upon this Order becoming *Final, Class Counsel* shall direct the *Escrow Agent* to disburse the *Net Proceeds* to trusts of the *Plan* in accordance with the *Settlement Agreement,* subject to any amounts withheld by *Class Counsel* for the payment of taxes and related expenses as authorized by the *Settlement Agreement*.

3

6. **Class Certification.** The *Court* hereby APPROVES the maintenance of this *Action* as a mandatory non-opt-out class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and Bankruptcy Rule 7023. The *Settlement Class* consists of the following individuals:

> All persons who were participants in the *Plan* who held Solutia stock in their *Plan* account at any time during the period from September 1, 1997 through and including August 31, 2005 and their beneficiaries, successors, assigns, executors, administrators, estates, heirs and legal representatives. Excluded from the *Settlement Class* are *Defendants* and any named fiduciary of the *Plan*, members of their immediate families, and their legal representatives, heirs, successors, or assigns unless such individual is a member of the *Settlement Class* in his or her own right.

The *Court* further finds that the prerequisites for a class action under Fed. R. Civ. P. 23 and Bankruptcy Rule 7023 have been satisfied in that:

a. The *Settlement Class*, consisting of more than seven thousand members, is so numerous that joinder all of its members would be impracticable;

b. There are questions of fact and law common to the *Settlement Class*, including whether *Solutia* and the *Defendants* breached their fiduciary duties with respect to investments in the *Solutia Stock Fund*;

c. The *Representative Plaintiff* is a member of the *Settlement Class* and his claims are typical of the claims of the *Settlement Class*;

d. The *Representative Plaintiff* is suitable for appointment as representative of the *Settlement Class* and has and will fairly and adequately protect the interests of the *Settlement Class* in that (i) the interests of the *Representative Plaintiff* and the nature of his alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Representative Plaintiff* and the *Settlement Class*; and

4

(iii) the *Representative Plaintiff* has retained qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated *ERISA* class actions;

   e. The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the *Action*;

   f. The prosecution of separate actions by individual members of the *Settlement Class* would create a risk of inconsistent or varying adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests;

   g. The definition of the *Settlement Class* is sufficiently precise and proper notice was provided to the *Settlement Class*; and

   h. *Class Counsel* is appropriately qualified and suitable for appointment to represent the *Settlement Class*, in that *Class Counsel* has done extensive work identifying and investigating potential claims in the action, and has vigorously and ably represented the interests of the *Settlement Class* throughout this litigation; *Class Counsel* is experienced in handling class actions, other complex litigation and claims of the type asserted in the *Action*; *Class Counsel* is knowledgeable of the applicable law; and *Class Counsel* has committed the necessary resources to represent the *Settlement Class*.

  7. **Class Counsel's Fees and Expenses.** Based on the work performed by *Class Counsel* and the results achieved, the motion by *Class Counsel* for fees and expenses is GRANTED. *Class Counsel* requested a fee award of **30** % of the *Settlement Fund* and the

5

reimbursement of expenses. *Class Counsel* are hereby awarded attorneys' fees in the amount of $2,000,000.00, payable from the *Settlement Fund*, which the *Court* finds to be reasonable under the circumstances of this case in light of (a) the value of the benefit rendered to the *Settlement Class*; (b) the value of the services on an hourly basis; (c) the fact that the services were undertaken on a contingent fee basis; (d) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (e) the complexity of the litigation; and (f) the professional skill and standing of counsel involved on both sides. *Class Counsel* are further awarded the sum of $223,379.07 from the *Settlement Fund* as reimbursement of costs and expenses, which the *Court* finds were reasonably incurred for the benefit of the *Settlement Class* in prosecuting the *Settlement Class's* claims and in obtaining the *Settlement*, including expenses incurred in connection with experts and consultants, travel and other litigation-related expenses. The awards of attorneys' fees, costs and expenses shall be allocated among *Class Counsel* as such counsel mutually agree for their respective contributions in the prosecution of the *Action*.

8.  **Case Contribution Awards.** *Class Counsel's* request for case contribution awards of $5,000 each for Roger Reiff and Jeremy Dickerson is fair and reasonable in light of their substantial contribution to the litigation on behalf of the *Settlement Class*, including providing information to *Class Counsel*, reviewing and approving pleadings, and participating in settlement discussions. Accordingly, Roger Reiff and Jeremy Dickerson are awarded $5000.00 each, all payable from the *Settlement Fund*.

9.  **Bankruptcy Allowed Claim.** Upon this Order becoming *Final*, *Class Counsel* is authorized, but not required, to transfer or sell the *Bankruptcy Allowed Claim* and deposit the

proceeds of such transfer or sale into the *Escrow Account* for distribution in accordance with the terms of the *Settlement Agreement*.

10. **Releases.** Pursuant to Section 4 of the *Settlement Agreement*, the *Released Parties,* the *Representative Plaintiff,* the *Settlement Class*, Jeremy Dickerson and *Class Counsel* are hereby released and all other provisions of Section 4 of the *Settlement Agreement* are hereby APPROVED.

11. **Finality.** Upon this Order becoming *Final*, the *Settlement Class* and the *Plan* shall be deemed to have, and by operation of this *Final Order* and Judgment shall have, fully, finally, and forever released and are forever barred from the prosecution of, any and all *Released Claims*. In the event that the *Settlement Agreement* is terminated in accordance with its terms, however: (a) this Judgment shall be null and void and shall be vacated nunc pro tunc, and (b) this action shall proceed as provided in the *Settlement Agreement*.

12. **Further Extensions.** Without further order of the *Court*, the parties may agree to reasonable extensions of time to carry out any of the provisions of the *Settlement Agreement*.

WHEREFORE, There being no just reason for delay in the entry of this *Final Order* and Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 24th day of September, 2008.

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

7